UNITED STATES of America

v.

Wayne G. JEFFORDS.

UNITED STATES of America

v.

Wayne G. JEFFORDS, et al.

Crim. Nos. 86–00043 P, 86–00044 P.

United States District Court,
D. Maine.

Nov. 17, 1986.

Nicholas M. Gess, Asst. U.S. Atty., Portland, Me., for U.S.

Richard Romanow, Portland, Me., for Jeffords.

### MEMORANDUM AND ORDER SANCTIONING COUNSEL FOR MOTION PRACTICE

GENE CARTER, District Judge.

Defense counsel has filed in the above two cases a total of twenty-six pretrial motions, thirteen in each case. On November 4, 1986 the Court entered in Criminal No. 86–00043 P its Order striking three motions as not being appropriate to that case because not "drawn with specific reference to the facts and issues in this case." Order of November 4, 1986. Those motions were obviously "knock-off" motions of similar motions filed in Criminal No. 86–00044 P, a conspiracy case. The former case is not one involving a conspiracy charge, so the motions were not germane to any fact at issue or to any legal issue generated in Criminal No. 86–00043 P.

This Court has now spent a total of two and a half hours reviewing the remaining defense pretrial motions and the government's responses to those motions in these two cases. The Court concludes that not more than three of the motions were in any way necessary or resulted in the resolution of any truly disputed issue of either fact or law. They are, in short, almost without exception, "make-work" motions, filed for purposes which the Court is unable to discern. They surely have the effect of making the occasion for the performance of needless work because they have generated the need for government's counsel to prepare two responses to these motions, both of them of some thirty-five pages, the bulk of which consists of recitation of facts showing that the motions were not necessary in the first place. The Court has been required to review the motions and responses in order to determine that in each instance no genuine issue existed. Further, in no case was any motion properly supported, in the view of this Court, with a researched and informative memorandum of law as required by this court's Local Rule 19.

The Court finds this kind of senseless, burdensome, purposeless motion practice in criminal cases to be a distinct impediment to the effective and efficient operation of this court and to the efficient use of judicial and prosecutorial resources. Such conduct by an attorney, who is an officer of the court, is at best burdensome and at worst irresponsible. Therefore as a sanction against defense counsel herein for such conduct in these cases the Court hereby ORDERS;

Defense counsel shall not receive any compensation under the Criminal Justice Act as court-appointed counsel in either of these matters for time devoted to pretrial motion practice unless within ten (10) days hereof he shall show good cause in writing why said sanction should not be imposed.

The Court further admonishes this defense counsel that it will consider any repetition by him of the aforesaid conduct in this court to be cause; (1) to remove his name from the Court's panel of attorneys eligible for appointment as counsel in criminal cases under the Criminal Justice Act and (2) to report such conduct to the Maine Bar counsel, pursuant to Local Rule 5(e)(1) for investigation to determine if any violation of the Maine Bar Rules and Code of Professional Responsibility has occurred. Similar conduct by any other defense counsel hereafter shall be dealt with in like manner.

So ORDERED.