COWART, Judge.
Appellant’s only meritorious issue on appeal is her argument that the trial court erred in imposing indeterminate sentences for appellant’s three misdemeanor convictions. We reverse.
The power to prescribe the penalty to be imposed for commission of a crime rests with the legislature, not with the courts. Dorminey v. State, 314 So.2d 134 (Fla.1975); Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943). Consequently, a defendant’s sentence must be authorized by statute; without a statute allowing such punishment, the sentence is unauthorized. See, e.g., Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974) (sentence “at hard labor” was unauthorized after repeal of § 922.05(2)).
Section 921.18, Florida Statutes (1979), authorizing indeterminate sentences, is limited in application to noncapital felonies. The imposition of an indeterminate sentence upon a misdemeanor conviction constitutes fundamental error because this type of sentence is not authorized by any statutory authority to be imposed as punishment for a misdemeanor. As fundamental error, such an unauthorized sentence is reviewable by appeal without a showing of harm and without being first raised in the trial court.
Accordingly, the conviction and sentence as to count 1 (grand theft) is affirmed. The misdemeanor convictions (petit theft in count 2, battery in count 3 and battery in count 4) are affirmed, but the indeterminate sentences as to those misdemeanors are hereby vacated and those counts are remanded for resentencing. The appellant must be present at such resentencing, Fla. R.Crim.P. 3.180(a)(9), 3.720, unless appellant’s request to be excused from attendance is approved by the court. Fla.R. Crim.P. 3.180(c).
AFFIRMED IN PART; SENTENCES VACATED AND REMANDED FOR RE-SENTENCING.
DAUKSCH, C. J., and COBB, J., concur.