545 So.2d 480 (1989)
Michael ELLISON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1258.
District Court of Appeal of Florida, Fifth District.
June 22, 1989.
*481 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Ellison appeals from a final judgment adjudicating him guilty of both first degree felony burglary[1] (because in the course of its commission, he committed a battery) and simple battery[2] (based on the same act as was employed for the burglary). He argues the trial court erred in imposing a thirty-year sentence because it departed beyond the presumptive sentencing range of 5 1/2 to 7 years in prison, without providing written reasons for the departure. Ellison also argues he should not be convicted for the identical battery more than once.
At the sentencing hearing, the trial court said he intended to depart upwards from the presumptive sentence range for various reasons including psychological trauma to the victim, the short time between Ellison's release from incarceration for other offenses and the commission of these crimes, and Ellison's lengthy juvenile record. Rather than provide written reasons for departure, however, the trial judge directed the court reporter to transcribe his oral reasons. He explained, "I do not have a secretarial staff or word processing equipment" to prepare the written reasons.
Early in the days of the sentencing guidelines, we relied upon the court reporter's transcription of the trial judge's reasons for imposing a departure sentence as sufficient compliance with the requirement for written statements for departure sentences. Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Fla.R.Crim.P. 3.701.d.11. However, that has long been held to be insufficient. Jackson v. State, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987); Davis v. State, 481 So.2d 562 (Fla. 5th DCA 1986).
We sympathize with the plight of a trial judge who is not provided with a secretary or access to a clerk who can type the judge's orders. Such penurious conditions should not be tolerated by the judicial branch of government. However, handwritten reasons placed on the bottom of the sentencing scoresheet will suffice. See Torres-Arboledo v. State, 524 So.2d 403, 414 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).
With regard to the double battery convictions, we agree with Ellison that both cannot stand. The simple battery in this case was the same act charged, proved and incorporated in the burglary offense to escalate it to a first degree burglary. Thus, the simple battery conviction must be reversed. See Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 989).
Accordingly, we reverse the simple battery conviction, vacate the sentence imposed *482 for the burglary offense, and remand for resentencing. The trial court may again impose a departure sentence, if it supplies adequate written reasons. See Pope v. State, 542 So.2d 423 (Fla. 5th DCA 1989); cf. Dyer v. State, 534 So.2d 843 (Fla. 5th DCA 1988).
AFFIRM in part; REVERSE in part; REMAND for resentencing.
GOSHORN, J., concurs.
DAUKSCH, J., concurs in conclusion only without opinion.
NOTES
[1] § 810.02(2)(a), Fla. Stat. (1987).
[2] § 784.03, Fla. Stat. (1987).