DIAMANTIS, Judge.
Appellant Eddie Denson appeals his convictions and sentence which were entered by the trial court after a jury found him guilty of selling cocaine[1] and possessing cocaine.[2] We affirm his judgment of guilt because we do not find any merit in appellant’s argument directed to his convictions, but we vacate his sentence for the offense of selling cocaine.
The trial court sentenced appellant to 30 months incarceration for the offense of selling cocaine and a consecutive term of five years probation for the offense of possession of cocaine. In sentencing appellant, the trial court utilized guidelines scoresheet 7 which is applicable to drug offenses. See Fla.R.Crim.P. 3.988(g)(category 7). The trial court assessed 73 points on appellant’s scoresheet. This score results in a recommended range and a permitted range of any nonstate prison sanction. Section 921.001 of the Florida Statutes (1989) provides that “any nonstate prison sanction” means a term of incarceration not to exceed 22 months. Thus, in sentencing appellant to 30 months incarceration the trial court departed from the sentencing guidelines. Because the trial court failed to provide any contemporaneous written reasons justifying departure, the trial court erred in departing. Ellison v. State, 545 So.2d 480 (Fla. 5th DCA 1989). However, because the record does not indicate that the trial court realized that it was imposing a departure sentence, on remand the trial court is permitted to consider whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
Judgment AFFIRMED; sentence REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.

. § 893.13(1)(a)1, Fla.Stat. (1989).

. § 893.13(1)(f), Fla.Stat. (1989).