RICHARDSON, E., Associate Judge.
Michael Charles Ellison appeals a departure sentence rendered on April 24, 1991. We reverse.
Appellant was initially sentenced to thirty years in prison on June 16, 1988. The guideline scoresheet indicated a presumptive sentence range of five and one-half years to seven years in prison. The trial court failed to provide written reasons for departure as required by Florida Rules of Criminal Procedure 3.701(d)(ll).
After a timely appeal, this court vacated the departure sentence and remanded the case to the trial court for resentencing. See Ellison v. State, 545 So.2d 480 (Fla. 5th DCA 1989). In accordance with the mandate, the trial court prepared written reasons for departure and again sentenced appellant to thirty years in prison. This resentencing occurred on January 8, 1990. *1206 However, appellant was not notified of the resentencing and was not present. Because appellant was not aware of his resen-tencing, a timely appeal was not filed.
On January 9, 1991, appellant filed in the trial court a motion for post-conviction relief. Appellant alleged that the January 8, 1990 resentencing was illegal and that he had received ineffective assistance of counsel. By order dated March 27, 1991, the trial court ruled that appellant was legally entitled to be present at resentencing. Therefore, on April 24, 1991 resentencing occurred in the presence of appellant and his legal counsel. For the third time, the trial court sentenced appellant to thirty years in prison. Written reasons for departure used by the trial court during the January 8, 1990 sentencing were used once again. Appellant has timely appealed this sentence.
Prior to appellant’s third sentencing, the Florida Supreme Court issued its ruling in Pope v. State, 561 So.2d 554 (Fla.1990). The court held that when a departure sentence is reversed because the trial court failed to provide written reasons for departure, the appellate court must remand for resentencing with no possibility of departure from the guidelines.
Appellant was not legally resen-tenced until April 24, 1991. It was fundamental error to resentence appellant in his absence. This is true even though he received the exact same sentence and counsel was present at the hearing. See Keller v. State, 432 So.2d 672 (Fla. 5th DCA 1983); Butler v. State, 412 So.2d 917 (Fla. 5th DCA 1982); McCrae v. State, 400 So.2d 175 (Fla. 5th DCA 1981). Appellant’s case remained in the “pipeline” until a lawful re-sentencing occurred. Love v. State, 559 So.2d 198 (Fla.1990). Clearly, the departure sentence of January 8, 1990 remained open to attack until the trial judge reimposed sentence in accordance with this court’s mandate.
Because appellant’s departure sentence was not final prior to Pope v. State, appellant is legally entitled to be sentenced within the guidelines.
SENTENCE VACATED; REMANDED for imposition of guideline sentence.
GOSHORN, C.J., and COBB, J., concur.