641 So.2d 378 (1994)
Samuel Jason DERRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 79143.
Supreme Court of Florida.
June 23, 1994.
Rehearing Denied August 31, 1994.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
*379 Robert A. Butterworth, Atty. Gen., and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Samuel Jason Derrick appeals his sentence of death. We have jurisdiction under article V, section 3(b)(1), of the Florida Constitution.
Derrick was convicted of the first-degree murder of a general store clerk and was sentenced to death. On appeal, this Court affirmed the conviction but vacated the sentence and remanded for a new sentencing. Derrick v. State, 581 So.2d 31 (Fla. 1991).[1]
After the resentencing proceeding, the jury recommended death by a vote of seven to five. The trial court found the following aggravating factors: (1) the murder was committed while Derrick was engaged in the commission of a robbery; (2) the murder was committed for the purpose of avoiding lawful arrest; and (3) the murder was especially heinous, atrocious, or cruel. § 921.141(5)(d), (e), (h), Fla. Stat. (1991). Regarding mitigation, the court found that Derrick was "quite young" at the time of the killing[2] and that Derrick has some potential for rehabilitation. The court also found that Derrick had helped illiterate inmates in prison and had helped his handicapped brother. The court found that the aggravating factors outweighed the mitigating factors and sentenced Derrick to death.
As his first issue on appeal, Derrick contends that the trial judge erred in his response to a jury inquiry. During their deliberations, the jurors sent a note to the judge stating: "Upon voting on such case, the jury has ended with a vote count of equal amount, six votes for death and six votes for life." The judge consulted counsel and, with their consent, reinstructed the jury as follows:
The advisory verdict need not be unanimous. The recommendation or imposition of the death penalty must be by a majority of the jury. A recommendation of incarceration for life with no eligibility of parole for twenty-five years may be made either by a majority of you or an even division of the jury. That is, a tie vote of six to six.
Subsequently, the jury returned with a seven to five death recommendation.
Derrick argues that after the jury had announced a tie vote reinstruction of any kind was improper. The trial judge should have instructed the jury foreman to sign the life sentence recommendation, Derrick argues, instead of sending the jury back for further deliberation. To support his contention, Derrick cites Rose v. State, 425 So.2d 521 (Fla.), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Patten v. State, 467 So.2d 975 (Fla.), cert. denied, 474 U.S. 876, 106 S.Ct. 198, 88 L.Ed.2d 167 (1985).
In Rose, the jury, during the sentencing phase of a capital trial, advised the court: "We are tied six to six, and no one will change their mind at the moment. Please instruct us." 425 So.2d at 525. In response, the court gave the jury an "Allen charge."[3] Subsequently, the jury returned a death recommendation, which the trial court followed. On appeal, this Court found that the giving of the Allen charge was reversible error. We stated, "the trial judge should have advised the jury that it was not necessary to have a majority reach a sentencing recommendation because, if seven jurors do not vote to recommend death, then the recommendation is life imprisonment." Id. Patten also involved an Allen charge given in response to a capital sentencing jury's notice that they were tied six to six. 467 So.2d at 977. Citing Rose, this Court found reversible error. Id. at 979-80.
The State argues that this issue is procedurally barred. Further, the State contends that the trial court's instruction in the instant case did not conflict with Rose and Patten. We agree.
After informing counsel of the jury inquiry in the instant case, the judge suggested that he reread that portion of the *380 instruction which he felt would help the jury resolve its dilemma. Derrick's attorney did not object to this suggested course of action, and, in fact, expressly agreed to the instruction. Under these circumstances, Derrick has waived his right to appeal this issue.
Even if this issue were not barred, we find that the reinstruction was proper. In Rose and Patten, the instruction which we deemed improper was an Allen charge. In the instant case, the court did not give an Allen charge in response to the jury inquiry. Instead, the court followed our directive in Rose and reinstructed the jury that, if seven jurors do not vote to recommend death, then the recommendation is life imprisonment. Rose, 425 So.2d at 525. This instruction is not, as Derrick contends, coercive. The fact that the jury subsequently returned with a seven to five death recommendation merely indicates that their original vote was a preliminary one and that a juror changed his or her mind.
Derrick next claims that the trial court erred by instructing the jury on the aggravating circumstances that the murder occurred during the commission of a robbery and that the crime was committed for pecuniary gain. We have held that a trial court's finding of both of these aggravating factors constitutes improper doubling. Provence v. State, 337 So.2d 783, 786 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977). However, Provence dealt with improper doubling in the judge's sentencing order. It did not relate to jury instructions. In rejecting the argument Derrick now makes, this Court in Suarez v. State, 481 So.2d 1201, 1209 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986), explained:
The jury instructions simply give the jurors a list of arguably relevant aggravating factors from which to choose in making their assessment as to whether death was the proper sentence in light of any mitigating factors presented in the case. The judge, on the other hand, must set out the factors he finds both in aggravation and in mitigation, and it is this sentencing order which is subject to review vis-a-vis doubling.
Id. Thus, instructing the jury on both the murder during the course of a robbery and the pecuniary gain aggravating factors is not error. In Castro v. State, 597 So.2d 259, 261 (Fla. 1992), a case decided after the penalty phase proceeding in the instant case, we held that the trial court may give a limiting instruction advising the jury that, "should it find both aggravating factors present, it must consider the two factors as one." However, we pointed out that the court is not required to give such a limiting instruction unless one is specifically requested by the defendant.
In the instant case, the trial court instructed the jury on both aggravating factors. Derrick's attorney did not request a limiting instruction, and one was not given. During the jury charge conference, the judge expressly recognized that his finding both aggravating factors would be improper, and, in his sentencing order, the judge found only that the murder was committed while Derrick was engaged in the commission of a robbery. This claim has no merit.
Derrick next contends that the avoiding arrest and heinous, atrocious, or cruel aggravating factors were not supported by the evidence. We disagree.
On the evening of June 24, 1987, Derrick attacked the victim on a path near the victim's store. The victim was walking home with a bag containing the day's receipts. Derrick's goal was to steal the victim's money. The record reflects that the victim knew Derrick from previous encounters, and that the victim actually recognized Derrick during the attack. In a statement to the Pasco County Sheriff's Office, Derrick indicated that the victim recognized him and that he killed the victim to "shut him up." Derrick made a similar confession to a friend, stating that he stabbed the victim to keep him quiet. Finally, the trial court found that "the victim's screaming raised the risk that others would have been drawn to the scene and could have interfered with the defendant's efforts to avoid or prevent lawful arrest." The record in the instant case supports the aggravating factor that Derrick committed the murder to avoid arrest.
*381 Regarding the heinous, atrocious, or cruel aggravating factor, the trial court's order states:
[T]he evidence indicates that the victim's body sustained thirty-three (33) knife wounds, thirty-one (31) of which were characterized as stab wounds and two (2) of which were characterized as puncture wounds. Some of the wounds noted by [the medical examiner] were characterized as defensive wounds. The scene of the crime indicated that, after the initial attack, the victim traveled approximately twenty (20) feet, trailing blood along his path of travel, before falling to the ground where he ultimately died from the combination of blood loss and the collapse of his lungs. [The medical examiner] noted that many of the numerous stab wounds would have been extremely painful although [he] was unable to say exactly when the victim lost consciousness, the three defensive wounds noted by [the medical examiner] would indicate that the victim experienced a pre-death apprehension of physical pain and death while making his unsuccessful effort to defend himself... .
This Court has consistently upheld the heinous, atrocious, or cruel aggravator where the victim was repeatedly stabbed. Floyd v. State, 569 So.2d 1225, 1232 (Fla. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991); Haliburton v. State, 561 So.2d 248, 252 (Fla. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991); Nibert v. State, 508 So.2d 1, 4 (Fla. 1987); Johnston v. State, 497 So.2d 863, 871 (Fla. 1986). We reject Derrick's contention that the victim may have been unconscious during the attack. This claim is particularly unbelievable in light of Derrick's own confession indicating that the victim was screaming as he was being stabbed.
The remaining claims are without merit.[4] Accordingly, we affirm Derrick's death sentence.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] The facts surrounding the murder are detailed in our original opinion. Derrick, 581 So.2d at 33.
[2] Derrick was twenty years old.
[3] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
[4] These claims are as follows: whether the trial court considered all nonstatutory mitigating evidence; whether the trial court erred in considering that the murder was committed in perpetration of a felony; and whether the death penalty is proportionate.