648 So.2d 107 (1994)
Henry Alexander DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 80972.
Supreme Court of Florida.
November 10, 1994.
Rehearing Denied February 2, 1995.
*108 James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Randall Sutton, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Henry Alexander Davis appeals his sentence of death imposed after resentencing. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
In March 1987, Davis entered the residence of a seventy-three year old woman, stabbed her to death, and burglarized her home. Davis was convicted of first-degree murder, armed robbery, and burglary. The trial court found four aggravating factors and little mitigation, and sentenced Davis to death for the murder. Davis v. State, 604 So.2d 794 (Fla. 1992).[1] On appeal, this Court affirmed the convictions. Id. at 799. With regard to sentencing issues, the Court determined that the heinous, atrocious, or cruel aggravating factor was proven beyond a reasonable doubt. Id. at 797. However, the Court found that the aggravating factor that the murder was committed for the purpose of avoiding arrest was not supported by the evidence and that the trial court had improperly doubled the burglary and pecuniary gain aggravating factors. Id. at 798. Having struck two of the four aggravating factors, the Court vacated the death sentence, stating:
Because we have eliminated two aggravating circumstances, we cannot say beyond a reasonable doubt that the judge would have imposed the death sentence without consideration of those aggravating factors... . We remand the case to the trial judge to reweigh the evidence in light of our opinion and to impose the appropriate sentence.
Id. at 799.
Prior to resentencing, the trial court denied a defense motion to impanel a new jury, stating that a new jury was not contemplated by this Court's mandate. The trial court also ruled that no additional evidence would be permitted. In light of this Court's opinion, the judge took the position that he only needed to determine whether the two aggravators upheld by this Court, heinous, atrocious, or cruel, and murder committed during a burglary or committed for financial gain, were enough to warrant imposition of the death penalty.
On resentencing, the judge found the following two aggravating factors applicable: (1) the murder was committed during a burglary; and (2) the murder was especially heinous, atrocious, or cruel. § 921.141(5)(d), (h), Fla. Stat. (1985). The judge found no statutory mitigating factors. Regarding non-statutory mitigation, the judge considered Davis's age, schooling, family background, employment, education, and health. The judge concluded that the aggravators outweighed the mitigators and again sentenced Davis to death.
As his first issue on appeal, Davis argues that the application of the heinous, atrocious, or cruel aggravating factor by this Court has been inconsistent, resulting in a lack of guidance to trial judges who are called upon to consider its application in specific factual settings. According to Davis, this failure to apply the aggravator in a rational and consistent manner renders it unconstitutionally vague and leaves the aggravator prone to arbitrary and capricious application. In response, the State argues that this issue is procedurally barred and that it is without merit.
Any issues relating to the constitutionality of the aggravating factors should have and could have been raised at the original trial and direct appeal. Because Davis did not previously raise any issues regarding *109 the constitutionality of the heinous, atrocious, or cruel aggravating factor or the application of the aggravator by this Court, the issue is procedurally barred. Ventura v. State, 560 So.2d 217, 221 (Fla.), cert. denied, 498 U.S. 951, 111 S.Ct. 372, 112 L.Ed.2d 334 (1990); Swafford v. State, 533 So.2d 270, 278 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989). Even if this issue were not barred, it is without merit. This Court has consistently upheld a finding of heinous, atrocious, or cruel where the victim was repeatedly stabbed. Derrick v. State, 641 So.2d 378 (Fla. 1994); Atwater v. State, 626 So.2d 1325, 1329 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994); Hansbrough v. State, 509 So.2d 1081, 1086 (Fla. 1987); Nibert v. State, 508 So.2d 1, 4 (Fla. 1987).
Next, Davis argues that the trial court did not fully comply with this Court's mandate on resentencing. Davis contends that he was entitled to have a new jury impaneled because of alleged errors which Davis claims impermissibly tainted the original jury recommendation. Davis further argues that the trial court erred by failing to allow the defense to present additional mitigating evidence on remand, and that the sentencing order after resentencing is deficient.
In the past, we have recognized that "[o]ur terminology in remanding for resentencing has varied from case to case ... [and] we have allowed trial courts to exercise discretion in resentencing." Lucas v. State, 490 So.2d 943, 945 (Fla. 1986). In Mann v. State, 453 So.2d 784 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985), however, this Court distinguished between a "resentencing" and a "reweighing," stating:
Mann now claims that our first opinion precluded the state from presenting additional evidence. We disagree.
Our remand directed a new sentencing proceeding, not just a reweighing. In such a proceeding both sides may, if they choose, present additional evidence.
Id. at 786. In Oats v. State, 446 So.2d 90, 95-96 (Fla. 1984), this Court held that the trial court erred in finding three of six aggravating factors and remanded to the trial court "for entry of a new sentencing order in accordance with the views expressed [in our opinion]." On appeal after remand, we held that the trial court did not err in failing to impanel a new jury to rehear evidence and make a new sentencing recommendation where the new jury would have considered essentially the same evidence as was presented to the original jury. Oats v. State, 472 So.2d 1143, 1144-45 (Fla.), cert. denied, 474 U.S. 865, 106 S.Ct. 188, 88 L.Ed.2d 157 (1985).
In the instant case, we remanded to the trial court specifically to "reweigh the evidence in light of our opinion." Davis, 604 So.2d at 799 (emphasis added). This mandate did not contemplate impaneling a new jury. Further, the errors on which Davis bases his current claim that his original penalty phase jury was "tainted" were either previously considered, or are not properly before the Court.
First, Davis attacks the penalty phase jury instructions. He contends that the jury was tainted by an instruction on the avoiding lawful arrest aggravating factor. This Court addressed an identical argument in the original direct appeal. We held that the aggravating factor was not supported by the evidence and therefore, the trial court erred in finding it. Davis, 604 So.2d at 798. In his original appeal, Davis argued that the claim entitled him to a new jury. However, the Court implicitly rejected this contention. Instead, we ordered the trial court to reweigh the evidence without considering the avoiding arrest aggravating factor. Next, Davis contends that he was entitled to an instruction telling the jury that it could find either the pecuniary gain aggravating factor or the committed during the course of a burglary aggravating factor, but not both. However, Davis did not request such an instruction, and therefore he is also barred from raising this issue. Derrick; Castro v. State, 597 So.2d 259 (Fla. 1992). Finally, Davis argues that the jury instruction on the heinous, atrocious, or cruel aggravating factor was inadequate under Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). This issue is procedurally barred because Davis did not object to *110 the adequacy of the jury instruction either at trial or on his original direct appeal. Melendez v. State, 612 So.2d 1366, 1369 (Fla. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 349, 126 L.Ed.2d 313 (1993); Johnson v. Singletary, 612 So.2d 575, 577 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2049, 123 L.Ed.2d 667 (1993); Kennedy v. Singletary, 602 So.2d 1285 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992).
Davis also makes a vague claim based on Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). However, he points to no judicial error and any such claim should have been made during the first trial or appeal.
Davis's final complaint involves a "Golden Rule" argument made by the prosecutor during closing argument at the penalty phase. We previously addressed this issue in our original opinion, Davis, 604 So.2d at 794, and we decline Davis's invitation to revisit it.
Our decision vacating Davis's original death sentence was based on our holding that the trial court had improperly considered two aggravating factors in reaching the sentence. Our mandate did not contemplate the litigation of issues which should have been, could have been, and in some cases were, disposed of in previous proceedings. Accordingly, we hold that the trial court properly refused to impanel a new jury based on our mandate to "reweigh" the evidence.
We also reject Davis's contention that he was entitled to present new evidence on remand. A "reweighing" does not entitle a defendant to present new evidence. Here, defense counsel attempted to use the remand as an opportunity to obtain a second, full-blown sentencing proceeding. However, in our previous opinion, we found no fault with the evidence presented at the original sentencing. Accordingly, on remand, there was no need for the presentation of additional evidence. See Atkins v. State, 497 So.2d 1200 (Fla. 1986). Davis's claim that the trial court's sentencing order was deficient is also without merit. The sentencing order and the record on remand reflect that the trial court conscientiously reweighed the evidence in accordance with this Court's directives.
Finally, we reject Davis's claim that the death penalty is not proportionately warranted in this case. Accordingly, we affirm Davis's sentence of death.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] A more detailed version of the facts is set forth in this Court's original opinion. Davis, 604 So.2d at 795-96.