705 So.2d 1320 (1997)
Harry Franklin PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 83731.
Supreme Court of Florida.
September 25, 1997.
Rehearing Denied February 23, 1998.
Billy H. Nolas and Julie D. Naylor, Philadelphia, PA, for Appellant.
Robert A. Butterworth, Attorney General and Fariba N. Komeily, Assistant Attorney General, Miami, for Appellee.
PER CURIAM.
We have on appeal the sentence of the trial court reimposing the death penalty upon Harry Franklin Phillips. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In 1984, Phillips was convicted of the 1982 murder of Bjorn Svenson, a parole supervisor. The jury recommended the death penalty by a vote of seven to five, and the trial court sentenced Phillips to death. This Court affirmed the conviction and sentence. Phillips v. State, 476 So.2d 194 (Fla.1985). The trial court denied Phillips' motion for postconviction relief in 1988. On appeal, this Court vacated the death sentence and remanded for resentencing due to the ineffectiveness of Phillips' trial counsel in failing to present mitigating evidence to the jury during the penalty phase. Phillips v. State, 608 So.2d 778 (Fla.1992).
*1321 Resentencing occurred in 1994. Following the presentation of evidence, the jury returned a recommendation of death by a vote of seven to five. In the written sentencing order the trial court found that the following aggravators applied to Phillips: (1) at the time of the murder, Phillips was under a sentence of imprisonment (because he was on parole); (2) Phillips had prior convictions for violent felonies; (3) the murder was committed to disrupt or hinder the lawful exercise of a governmental function or the enforcement of laws; and (4) the murder was cold, calculated, and premeditated without any pretense of moral or legal justification (CCP). The trial court also found that although no statutory mitigators were applicable, the following nonstatutory mitigators applied: (1) Phillips' low intelligence (given little weight); (2) Phillips' poor family background (given little weight); and (3) Phillips' abusive childhood, including lack of proper guidance by his father (given little weight). The trial court held that the aggravating circumstances outweighed the mitigating circumstances and sentenced Phillips to death.
Phillips raises the following six issues on appeal: (1) that Phillips' resentencing proceeding did not comport with the requirements set forth in Spencer v. State, 615 So.2d 688 (Fla.1993); (2) that the trial court mishandled the jury and improperly influenced the jury to return a death verdict; (3) that the "disrupt or hinder a governmental function" aggravator was improperly and overbroadly submitted to the jury and found by the court; (4) that the State improperly made Phillips' prior bad acts, including uncharged matters, a focus of the resentencing, and introduced unnecessary and unreliable evidence and hearsay regarding Phillips' guilt; (5) that the trial court improperly allowed the State to strike an African-American from the jury panel; and (6) that the CCP aggravator cannot be constitutionally narrowed and was improperly employed. We reject the arguments under claims (1), (4), and (5) as procedurally barred or without merit.
There are two aspects of claim (2) which require explanation. Prior to commencement of voir dire, defense counsel requested the trial court to fashion a response to potential questions from the venire about the long time span between the original trial and the current proceeding. The trial court proposed to advise the jury "that this case was tried originally and the defendant was convicted of first-degree murder and due to legal problems over the years we have to retry the penalty phase." Both counsel agreed to such an explanation. The trial court then told the jury that Phillips "has already been found guilty of First Degree Murder by a different jury and for legal technicalities we have to retry the penalty phase." There were no objections to this explanation. Phillips now contends that the giving of this statement constituted fundamental error. We cannot agree. While some might quarrel over the term "legal technicalities," the general tenor of the statement was similar to the one to which counsel had agreed. The jury was never informed of Phillips' previous death sentence or even of a previous jury recommendation. We are convinced that Phillips was not prejudiced by the trial court's comment. See Teffeteller v. State, 495 So.2d 744 (Fla.1986) (mere mention of prior death sentence not prejudicial in subsequent resentencing).
Phillips also challenges the trial court's alleged failure to give the jury Florida Standard Jury Instruction 3.06 (traditionally referred to as an Allen charge)[1] when the jury informed the trial court during its deliberations that two of the jurors were declining to vote because they were unhappy with where the majority were leaning. Defense counsel suggested the jury be told, if they had a majority, to render a verdict based on the majority. The trial court instructed the jury to take a vote from the ten jurors willing to vote and to record the vote as it stood. The trial court noted that it would consider any refusal to vote as a vote for life imprisonment. However, when the vote was finally taken, all of the jurors voted and a majority of them recommended death. Phillips now asserts that the trial court should have instead suggested to the jury that it deliberate *1322 further and if it could not reach a verdict then it would be discharged.
This claim fails for three reasons. First, Phillips never objected to the actual instruction given or requested that an Allen charge be given below. See Derrick v. State, 641 So.2d 378, 379 (Fla.1994). Second, the trial court would have committed error if it had given the jury the instruction requested by Phillips because an Allen charge is only applicable in the guilt phase of a criminal proceeding. Derrick, 641 So.2d at 379; Patten v. State, 467 So.2d 975 (Fla.1985). Lastly, the fact that the trial judge indicated that he would count the votes of the jurors refusing to vote as votes in favor of a recommendation of life imprisonment was the most favorable treatment Phillips could have obtained. Even Phillips' own defense counsel said that it made sense for the trial judge to count the two jurors' refusals to vote as votes for life imprisonment. Phillips' remaining arguments under claim (2) are without merit and need not be discussed.
Phillips next asserts that the "disrupt or hinder the lawful exercise of a governmental function or the enforcement of laws" aggravator (the disrupt/hinder aggravator) was improperly submitted to the jury and erroneously applied by the trial court because: (1) the aggravator had previously been found to be inapplicable at the original sentencing; (2) the aggravator only applies where the State has proven beyond a reasonable doubt that the dominant or sole motive of the murder was to disrupt or hinder a governmental function or enforcement of laws; and (3) there was insufficient evidence to establish that Phillips was going to have his parole revoked by Officer Svenson. Phillips' claims regarding the disrupt/hinder aggravator are without merit. The trial court explained in its sentencing order why it applied this aggravator upon resentencing:
This Court previously found this factor inapplicable because the court believed that the homicide was committed for revenge. However, the Court submits, that although revenge may have been one motive, it was part of the overall motive of killing a parole official, who was in the past, and who would have been at the time of the homicide, one of the persons responsible for trying to have the defendant's parole revoked, for continuing to violate the terms of his parole and for shooting a gun which occurred a few days before the homicide. This would clearly hinder a governmental function. Mr. Svenson's only connection with the defendant was as a parole officer and parolee. Mr. Svenson's homicide was beyond a reasonable doubt committed to disrupt or hinder governmental function. See Jones v. State, 440 So.2d 570 (Fla.1983).
Phillips' resentencing proceeding was a "completely new proceeding," and the trial court was therefore under no obligation to make the same findings as those made in Phillips' prior sentencing proceeding. King v. Dugger, 555 So.2d 355, 358-59 (Fla.1990).
Regarding Phillips' argument that the trial court should have given the jury a narrowing instruction on the disrupt/hinder aggravator, Phillips failed to object below to the form of the instruction given to the jury or request that a narrowing instruction be given. Instead, Phillips merely objected to the applicability of the disrupt/hinder aggravator. An objection to the applicability of a jury instruction does not preserve a claim that the instruction was vague or overbroad. See Roberts v. Singletary, 626 So.2d 168, 169 (Fla.1993)("We have repeatedly held that claims are procedurally barred where there was a failure at trial to object to the instruction on the grounds of vagueness or unconstitutionality."). Moreover, a narrowing instruction was not required. This Court has held that in order for the disrupt/hinder aggravator to be applicable, it is sufficient for the State to show that the victim was killed while performing a legitimate governmental function. See Jones v. State, 440 So.2d 570, 577-78 (Fla.1983).
Phillips' claim of insufficient evidence to support this aggravator is also without merit. Officer Svenson was the parole district supervisor who supervised Phillips' former parole officer, Nanette Brochin. In 1981, Svenson personally instructed Phillips to stay away from Brochin and then testified at Phillips' parole revocation proceeding *1323 when Phillips violated those instructions. Phillips' parole was revoked and he was sent back to prison. In 1982, when Phillips was subsequently re-released on parole, he again violated Svenson's instructions. On the day of the murder, Phillips was again instructed by Officer Svenson to stay away from Brochin and was told that he would be imprisoned for violating the instructions. The evidence establishes that Svenson was directly involved in the revocation of Phillips' parole.
We now turn to Phillips' claim regarding the constitutionality of the CCP aggravator. Phillips does not challenge the sufficiency of the evidence presented in support of the CCP aggravator, nor does he challenge the language of the CCP instruction given to the jury. He instead argues that the CCP aggravator is inherently vague, subject to overbroad, unconstitutional application irrespective of any definitions of its terms, and should not be applied in capital cases. This Court has previously rejected the contention that the CCP aggravator is unconstitutionally vague. Jackson v. State, 648 So.2d 85 (Fla. 1994). In Jackson, we ruled that the jury should receive more expansive instructions defining the terms "cold," "calculated," and "premeditated," but we rejected a challenge to the statutory CCP aggravator itself. In this case, even though Phillips' resentencing occurred prior to this Court's decision in Jackson, the jury was given a proper narrowing instruction consistent with that decision.
Accordingly, we affirm the trial court's sentence of death.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion.
ANSTEAD, Justice, specially concurring.
I agree with the majority's conclusion that appellant's Spencer claim is procedurally barred under our case law because it was not preserved for review by a proper objection at trial. Nevertheless, I write separately to express my concern with the trial court's failure to follow the sentencing procedure explicitly set out in Spencer v. State, 615 So.2d 688 (Fla.1993), and to emphasize that the Spencer rule is a mandatory one which must be followed in a death penalty sentencing. The sentencing in this case illustrates the need for our recent decision mandating special education for judges in capital cases.
In order to ensure that all judges hearing capital cases have the concern and competence necessary to handle the unique demands of capital criminal proceedings, this Court recently enacted rule 2.050(b)(10) of the Florida Rules of Judicial Administration, requiring in part that a judge must have recently completed the "Handling Capital Cases" course offered through the Florida College of Advanced Judicial Studies before presiding over a capital case  and for good reason. It is especially worth noting here that the judge-authors of the teaching manual for the course specifically admonish trial judges: "After this [Spencer] hearing, the judge should adjourn to consider the appropriate sentence. Final sentencing should be set on a separate date. Failure to do this after Spencer could and probably will result in a reversal." Susan F. Schaeffer, Conducting the Penalty Phase of a Capital Case 53 in Handling Capital Cases (Fla. College of Advanced Judicial Studies 1997) (emphasis added). The manual further cautions: "Do not have either side prepare your Order." Id.
In Spencer, this Court plainly stated the specific steps a trial court must follow in capital sentencing, and explained our rationale:
In Grossman [v. State, 525 So.2d 833 (Fla. 1988)], we directed that written orders imposing the death sentence be prepared prior to the oral pronouncement of sentence. However, we did not perceive that our decision would be used in such a way that the trial judge would formulate his decision prior to giving the defendant an opportunity to be heard. We contemplated that the following procedure be used in sentencing phase proceedings. First, the trial judge should hold a hearing to: a) give the defendant, his counsel, and the State, an opportunity to be heard; b) afford, if appropriate, both the State and the defendant *1324 an opportunity to present additional evidence; c) allow both sides to comment on or rebut information in any presentence or medical report; and d) afford the defendant an opportunity to be heard in person. Second, after hearing the evidence and argument, the trial judge should then recess the proceeding to consider the appropriate sentence. If the judge determines that the death sentence should be imposed, then, in accordance with section 921. 141, Florida Statutes (1983), the judge must set forth in writing the reasons for imposing the death sentence. Third, the trial judge should set a hearing to impose the sentence and contemporaneously file the sentencing order....

It is the circuit judge who has the principal responsibility for determining whether a death sentence should be imposed. Capital proceedings are sensitive and emotional proceedings in which the trial judge plays an extremely critical role.
615 So.2d at 690-91 (emphasis added).[2] The trial judge in this case clearly failed to follow the sentencing procedure mandated in Spencer by making his sentencing decision before hearing the parties as to the proper sentence. Contrary to our explicit directions, the trial court did not first listen to the parties and then "recess the proceedings to consider the appropriate sentence." Spencer. Instead, the trial judge apparently came to the sentencing hearing with a sentencing order imposing death already prepared and then heard arguments from the State and the defendant. Immediately thereafter the court sentenced the defendant to death and filed the sentencing order, with no indication that the just-argued contentions of both sides had been considered before the sentence was decided. The trial judge's error in prematurely preparing Phillips' sentencing order was compounded by the fact that the judge adopted almost verbatim the State's earlier-filed sentencing memorandum as his sentencing order.[3]
While the trial court may not have actually abdicated its sentencing responsibility to the State in this case,[4] its failure to follow the procedure set out in Spencer, coupled with its adoption of the State's sentencing memorandum, create both an appearance of partiality and a failure to carefully consider the contentions of both sides and to take seriously the independent judicial "obligation to think through [the] sentencing decision." Gibson v. State, 661 So.2d 288, 293 (Fla. 1995).
NOTES
[1] See Kelley v. State, 486 So.2d 578 (Fla.1986).
[2] In Gibson v. State, 661 So.2d 288 (Fla. 1995), albeit in the context of stating why written orders must be prepared before oral pronouncement of sentence and filed contemporaneously, we explained the rationale which also underlies the Spencer sentencing procedure:

In Grossman, we mandated that "all written orders imposing a death sentence be prepared prior to the oral pronouncement of sentence for filing concurrent with the pronouncement." The purpose of this requirement is to reinforce the court's obligation to think through its sentencing decision and to ensure that written reasons are not merely an after-the-fact rationalization for a hastily reasoned initial decision imposing death.
Id. at 293 (emphasis added).
[3] The State's sentencing memorandum and the court's virtually identical order are supported by evidence in the record. Further, the trial judge stated that he had "independently reviewed and weighed the evidence."
[4] Unlike Spencer and Patterson v. State, 513 So.2d 1257 (Fla.1987), there is no claim here that the trial court had ex parte communications with the State concerning the appropriate sentence for the defendant or that the court directed the State to prepare the sentencing order.