14 So.3d 1087 (2009)
B.L.S., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2207.
District Court of Appeal of Florida, Fifth District.
June 5, 2009.
*1088 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Appellant, B.L.S., challenges his delinquency adjudication for possession of a firearm with serial number altered or removed in violation of section 790.27(2)(a), Florida Statutes (2008), and the trial court's failure to resentence him after granting his motion to correct sentencing error by striking the serious habitual offender ("SHO") designation. We affirm the delinquency adjudication,[1] but reverse and remand for a new disposition hearing.
Appellant argues for the first time on appeal that the trial court erred in denying his motion for judgment of dismissal of possession of a firearm with altered serial number because there was no evidence that he knowingly possessed a gun on which the serial number had been altered or removed. Appellant's counsel argued that the evidence did not show that the gun was in Appellant's possession because *1089 it was merely found within the perimeter area. However, Appellant's counsel never raised any question about his client's knowledge of the gun's altered serial number.
Generally, for an argument to be cognizable on appeal, it must be the specific contention asserted as the legal ground for the objection, exception, or motion below. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). However, when challenging the sufficiency of the evidence, a contemporaneous objection is not required when the evidence is insufficient to show a crime was committed at all. F.B. v. State, 852 So.2d 226, 229 (Fla.2003). Although there was no direct evidence that Appellant knew the serial number was altered, viewing the evidence in the light most favorable to the State, a fair inference arises that Appellant knew the revolver's serial number was altered. Accordingly, we affirm the adjudication for possession of a firearm with an altered serial number.
The trial court conducted a disposition hearing after reviewing a PDR. The State noted that Appellant was eligible for a Level 10 and a SHO program, and the DJJ recommended a high-risk Level 8. The State and DJJ sought SHO designation under section 985.47(1)(b), Florida Statutes (2008), based upon Appellant's age of over 13, a current felony offense, and at least two previous delinquency commitment programs. Appellant's counsel agreed that Appellant met the criteria of section 985.47(1)(b). The trial court adjudicated Appellant guilty of the offenses, found he met the qualifications for SHO treatment, and adjudicated him a SHO. The trial court entered a Level 8 placement disposition on the three counts.
Appellant filed a motion pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2), to strike the SHO designation as an improper enhancement for the use of a firearm inherent in the current offenses. Since the original SHO designation was based, however, upon subsection 985.47(1)(b), rather than subsection (1)(a)(14), the trial court mistakenly granted the motion.
Upon resentencing, which is a completely new proceeding with no obligation for the trial court to make the same findings it made in the prior proceeding, the trial court could again impose the SHO designation. See Phillips v. State, 705 So.2d 1320, 1322 (Fla.1997); Orta v. State, 919 So.2d 602, 604 (Fla. 3d DCA 2006).
Accordingly, we affirm Appellant's delinquency adjudication and remand for a new disposition hearing.
AFFIRMED AND REMANDED.
SAWAYA and MONACO, JJ., concur.
NOTES
[1] Appellant was also adjudicated delinquent for possession of a firearm by a person deemed to have committed a delinquent act, a second-degree felony, and carrying a concealed firearm, a third-degree felony, but neither was appealed.