921 So.2d 792 (2006)
STATE of Florida, Appellant,
v.
William James MILNE, Appellee.
No. 5D04-2181.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
Charles J. Christ, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
Kenneth A. Studstill of Kenneth A. Studstill, P.A., Titusville, for Appellee.
PALMER, J.
The State of Florida appeals the trial court's order granting William Milne's (defendant) motion for postconviction relief. We affirm.
The defendant was convicted of committing the crime of sexual battery with great physical force and false imprisonment. He testified at his trial and admitted having sex with the victim. He claimed, however, that the sex was consensual.
*793 After his conviction, the defendant filed a direct appeal, which resulted in a per curiam affirmance by this court. See Milne v. State, Case No. 5D00-2645 (Fla. 5th DCA Oct. 30, 2001).
The defendant thereafter filed a motion for postconviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. The motion alleged several claims of ineffective assistance of trial counsel. The trial judge issued an order denying relief on all but one of the defendant's claims, that being a claim that his trial counsel was ineffective for failing to properly impeach the victim.
However, prior to the evidentiary hearing on his one claim, the defendant filed a motion for reconsideration of his rule 3.850 motion. That motion was considered by a different trial judge as a result of a change in judicial assignment. The successor judge granted the defendant's motion for reconsideration and ordered an evidentiary hearing be held on all of the claims specified in the defendant's motion for reconsideration.
At the evidentiary hearing, the defendant argued, among other things, that his trial counsel was ineffective for failing to move for a mistrial during closing argument when the prosecutor implied that the defendant had tailored his trial testimony after hearing all the other witnesses testify. Specifically, in discussing how the defendant defended himself, the prosecutor stated: "Well, the first thing he does is he needs to, obviously, see what the State can prove, and once the State has proven the DNA evidence which you could not refute, he can't say it was not him, so that's out the window, ..." The prosecutor went on to say that, once pictures and testimony were in evidence, "he can't say anymore that she wasn't seriously injured. So, he's kind of in a box, and he has to say they had consensual sex ..." Importantly, when making these closing arguments, the prosecutor was fully aware that the defendant had made statements prior to the trial which were consistent with his trial testimony but that the State had successfully kept those statements out of evidence by filing a pretrial motion in limine. In response to the defendant's claim of ineffectiveness, defense counsel testified that he decided not to attempt to introduce the defendant's prior consistent statement because it had been excluded by the State's pretrial motion in limine and because he believed that introducing the statement would have been a mistake because the defendant had used derogatory terminology towards women in discussing the incident with police. However, no testimony was presented as to why defense counsel did not move for a mistrial when the prosecutor made his improper comments during closing argument. This motion could have been made by defense counsel without the need to introduce the defendant's prior consistent statement into evidence.
The successor judge granted the defendant a new trial, making the following findings:
The first part of paragraph (1) of Defendant's Motion for Reconsideration has merit. The Prosecutor filed a Motion in Limine to exclude any portion of Defendant's statement to the police and the Motion was granted as to Defendant's description of the events. The testimony Defendant gave at trial was substantially the same testimony. The Prosecutor's comment in closing argument could not have conveyed any messages to the jury other than the Defendant was making up his testimony based on what he heard from state witnesses during the trial. The Prosecutor knew that his testimony was consistent with his pretrial statement to police. This statement probably misled the jury into believing *794 Defendant was a liar ... The only chance the Defendant had in successfully defending himself was his credibility while testifying. The argument made by the Prosecutor was fundamentally unfair and not supported by facts known to the Prosecutor. This is yet another instance of overzealous prosecutors creating basic unfairness in the trial of the case. Without the argument having been made, the jury may have reached a totally different verdict. Trial counsel was ineffective in failing to move for mistrial The due process rights of Defendant were infringed upon and justice demands a new trial.
The State appeals this ruling.
The State first maintains that the successor judge erred in reversing the ruling of the predecessor judge. We disagree. Interlocutory rulings are subject to reconsideration by the trial court prior to entry of a final order in the cause. Andrews v. McGowan, 739 So.2d 132 (Fla. 5th DCA 1999). While a judge should hesitate to undo his own work, and should hesitate still more to undo the work of another judge, judges do have the authority, until entry of a final judgment, to do so and may therefore vacate or modify interlocutory rulings or orders of predecessor judges. Wasa Int'l Ins. Co. v. Hurtado, 749 So.2d 579 (Fla. 3d DCA 2000). A decree is "interlocutory" when it leaves any question in the cause open for future judicial determination. Here, the first judge's order did not totally dispose of the defendant's motion for postconviction relief. Accordingly, said order was interlocutory and could properly be reconsidered by the successor judge.
The State next contends that the trial court erred in granting the defendant's motion because the defendant failed to show that his trial counsel demonstrated deficient performance which prejudiced him. We again disagree.
In order to establish an ineffective assistance of counsel claim, a defendant must prove two elements. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Here, the trial judge concluded that counsel was ineffective for failing to move for a mistrial in response to the prosecutor's improper comments during closing argument and that the defendant was prejudiced. Based on the record before us, we conclude that the trial court's ruling is supported by the evidence. As such, we affirm.
AFFIRMED.
PLEUS, C.J., concurs.
GRIFFIN, J., dissents without an opinion.