238 So.2d 67 (1970)
James D. FRIZZELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 38461.
Supreme Court of Florida.
July 8, 1970.
*68 James D. Frizzell, in pro. per.
Earl Faircloth, Atty. Gen., and Horace A. Knowlton, III, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on petition for writ of habeas corpus and return and supplemental return thereto.
Petitioner is presently serving a 10 year sentence for robbery imposed by the Criminal Court of Record, Hillsborough County, on June 26, 1965, with credit time since March 10, 1965. Petitioner is also serving a concurrent sentence of 10 years for uttering a forged instrument. The uttering sentence was imposed July 12, 1965, with credit time since March 10, 1965. Petitioner does not attack his conviction and sentence for uttering but contends that his robbery conviction and sentence should be set aside and alleges that his right of appeal from the conviction was thwarted.
Petitioner's contentions were raised and considered on motion to vacate under Rule 1.850 R.C.P., 33 F.S.A. Motion to vacate was denied and, on appeal, the District Court affirmed in a brief opinion.[1] Petitioner was represented on that appeal by the public defender. The record before us does not establish that the proceedings had under Rule 1.850 C.P.R. adequately dealt with petitioner's contentions.
The Return and Supplemental Return of the State are primarily concerned with the so-called "concurrent sentence doctrine." The State contends that the concurrent sentence doctrine is still recognized in Florida and precludes consideration, at least on collateral post conviction attack, of anything less than all of the concurrent sentences being served. In other words, since petitioner in this case does not complain about his sentence for uttering which is currently being served with the sentence for robbery this Court, says the State is precluded from considering his collateral attack on the robbery conviction.
The concurrent sentence doctrine is an outgrowth of the historic requirement of the writ of habeas corpus that one seeking the writ must be entitled to immediate discharge from all custody if successful in his petition. Habeas corpus is a high prerogative writ. In construing provisions of law, courts are anxious to give interpretations which will neither deny nor delay the *69 exercise of such a basic constitutional right.
The State in its Supplemental Return concedes that the U.S. Supreme Court in a recent line of cases terminating with Benton v. Maryland,[2] has "whittled away at the established rule that a court would not grant habeas corpus relief unless the prisoner was entitled to immediate release from his confinement." In Peyton v. Rowe,[3] the U.S. Supreme Court ruled that a prisoner could attack a consecutive sentence which he had not yet begun to serve. The Benton case, supra, holds that the existence of other concurrent sentences is not a jurisdictional bar to an appeal attacking only one of the sentences. The State contends however, that despite these decisions of the United States Supreme Court, the concurrent sentence doctrine has validity and importance as a rule of "judicial convenience" in the area of collateral post-conviction relief. The return points out that the abolition of the concurrent sentence doctrine will result in a substantially increased load of cases on the already overburdened courts as persons serving several concurrent sentences attack each of them individually.
We recognize that considerations of judicial convenience exist but these are outweighed by considerations of justice and convenience to those imprisoned and to the State. We recognize, as the State surely must, the importance of being able to proceed promptly before evidence is lost and witnesses disappear, to attack a sentence whether concurrent or consecutive and whether presently served or not. If an attack on a sentence is to be made the State as well as the convicted person will benefit by a speedy and timely determination of the question.
Even when a concurrent sentence not attacked precludes release from prison, the prisoner who is successful in getting one of his sentences set aside may obtain more favorable consideration for parole or be permitted to serve as a trusty. In Sibron v. New York,[4] the U.S. Supreme Court recognized that "collateral consequences" resulting from a conviction may entitle a person who has already completed serving a sentence to an opportunity to attack his conviction. All the more reason exists for allowing an attack on a sentence which is being served.
We expressly recede from all prior decisions of this Court which hold that a writ of habeas corpus cannot issue if the petitioner is not entitled to immediate release from his confinement. From henceforth this Court will consider the merits of petitions for habeas corpus even though the petitioner is not entitled to be released if successful in his attack on a conviction, and regardless of whether the sentences are concurrent or consecutive.
Turning to the petition before us we find it utterly devoid of merit. Petitioner's contentions are refuted by the record. Specifically he raises the following points: (1) That he was brought to trial without the benefit of a preliminary hearing (record shows petitioner waived preliminary hearing); (2) that he was tried without having been arraigned (record shows that petitioner was arraigned with his counsel present); (3) that he was represented at trial by a co-defendant's privately retained counsel who was appointed by the court to represent him (transcript shows conversation between judge and petitioner regarding petitioner's desire to have public defender withdraw and to be represented by R.C. Timson, private counsel); (4) that the private counsel refused to prosecute an appeal from the conviction unless petitioner paid him a fee; that the public *70 defender's office was notified, a public defender visited petitioner in the county jail and advised him that he was lucky to get out with just 10 years for robbery and that he should not appeal.
Petitioner's allegations regarding point 4, supra, even if true, would not warrant post-conviction relief. Private counsel is not required to prosecute an appeal without the payment of a fee and the advice of the public defender not to appeal, as alleged by petitioner, was probably good advice. Petitioner does not contend that his trial was unfairly conducted in any way and mentions no specific grounds he has for an appeal. The public defender's office is not required to appeal a case which has no merit. Petitioner's right was to have counsel advise him regarding an appeal and, by his own admission, he received this advice.
Accordingly, petition for writ of habeas corpus heretofore issued in this cause is discharged.
It is so ordered.
ROBERTS, DREW and CARLTON, JJ., concur.
THORNAL, J., concurs in part and dissents in part with opinion.
ERVIN, C.J., and ADKINS, J., agree with THORNAL, J.
THORNAL, Justice (concurring in part and dissenting in part):
I concur in that portion of the opinion which allows habeas corpus under the circumstances here obtaining. I dissent from the holding that Frizzell was granted a constitutionally approved opportunity for review with the assistance of counsel. In my view he was denied the protective prescriptions enunciated in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
ERVIN, C.J., and ADKINS, J., concur.
NOTES
[1] 213 So.2d 293 (Fla.App.2nd 1968).
[2] 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, opinion decided June 23, 1969.
[3] 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).
[4] 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917 (1968).