749 So.2d 579 (2000)
WASA INTERNATIONAL INS. CO., Appellant,
v.
Mercedes HURTADO, Appellee.
No. 3D99-1688.
District Court of Appeal of Florida, Third District.
January 26, 2000.
*580 Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford and Shelley H. Leinicke, Fort Lauderdale, for appellant.
Simon & Dondero, Miami; Bambi G. Blum, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and FLETCHER, JJ.
PER CURIAM.
Wasa International Insurance Company claims that the bases for an order of final summary judgment had either never been raised or already been decided, that the matter was not scheduled or noticed for hearing, and that it had no opportunity to present any evidence in opposition. "While a judge should hesitate to undo his own work, and should hesitate still more to undo the work of another judge, he does have, until the final judgment, the power to do so and may therefore vacate or modify the interlocutory rulings or orders of his predecessor in the case." Tingle v. Dade County Bd. of County Commissioners, 245 So.2d 76, 78 (Fla.1971); see also State v. Del Rey, 643 So.2d 1146 (Fla. 3d DCA 1994). Because the trial judge here had not entered a final judgment in the case, she could modify her previous rulings and those of her predecessor. The trial court also had discretion to allow Mercedes Hurtado to point out and rely on the fact that the insurance application referenced the master group insurance policy; the insurance policy was in evidence. See Tingle, 245 So.2d at 77 (not error in allowing party to "point out specific portions of the record ... upon which they wished to rely"). Furthermore, Wasa was given an opportunity to bring forth any evidence regarding the summary judgment issues. The trial court's order granting summary judgment allowed Wasa sixty additional days to obtain evidence to counter the summary judgment ruling. However, Wasa did not file any affidavits or any other evidence in opposition to the ruling. Besides, the motion for summary judgment, which the trial court revisited, was filed more than twenty days prior to the hearing. Therefore, Wasa was not denied due process.
AFFIRMED.