785 So.2d 1221 (2001)
Michael DOUGHERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2255.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
*1222 Michael Dougherty, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Within appellant's challenge to his resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), he alleges that he was harmed by the absence of a new sentencing hearing, as he was unable to appear and be heard with respect to his sentence. Because a defendant has a right to be present at a resentencing that is more than a ministerial act, we reverse.
Appellant filed a motion to correct an illegal sentence pursuant to Heggs, claiming that he should have been sentenced under the 1994 sentencing guidelines. Instead, he was sentenced under the 1995 guidelines declared unconstitutional in Heggs. 759 So.2d at 627. He was entitled to relief because his sentence of 60 months which was at the bottom of under the 1995 *1223 guidelines would have exceeded the guidelines range under the 1994 guidelines. See id. In its response, the state admitted that appellant was entitled to resentencing. Without holding a sentencing hearing, the trial court stated that it had "reviewed the matter fully and has full recollection of the reasons the original sentence was imposed." The court entered an amended sentence of 50 months, which was at the top of the 1994 guidelines.
A defendant is constitutionally entitled to be present at all stages of proceedings where fundamental fairness may be thwarted by the defendant's absence. Papageorge v. State, 710 So.2d 53, 54 (Fla. 4th DCA 1998). The imposition of a sentence is a crucial stage at which the defendant is entitled to be present. See Fla. R.Crim. P. 3.180(a)(9); Capuzzo v. State, 596 So.2d 438, 439 (Fla.1992). An exception is made in resentencing cases where all that is required on remand is a ministerial act of sentence correction. See Frost v. State, 769 So.2d 443, 444 (Fla. 1st DCA 2000); Williams v. State, 697 So.2d 584 (Fla. 4th DCA 1997). However, "[a] criminal defendant has a right to be present at sentencing, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful 3.850 challenge." Barcelo v. State, 774 So.2d 895, 896 (Fla. 4th DCA 2001). With the exception of sentence corrections, it is fundamental error to resentence a defendant in his or her absence. See Ellison v. State, 593 So.2d 1205, 1206 (Fla. 5th DCA 1992); Keller v. State, 432 So.2d 672, 673 (Fla. 5th DCA 1983); Walker v. State, 284 So.2d 415 (Fla. 2d DCA 1972).
Here, appellant's original sentence was above the sentence that could be imposed without departure under the 1994 guidelines. As a result, resentencing that involved more than a ministerial act was required. Fundamental error occurred when the court entered the amended sentence without holding a sentencing hearing with appellant present. We therefore reverse for a new sentencing hearing. See Barcelo, 774 So.2d at 895.
Appellant also claimed in his motion to correct his sentence that he was entitled to additional jail credit. We cannot conclude from the record that he is entitled to any more credits. However, our affirmance on this issue is without prejudice to appellant readdressing the issue of jail credit at his resentencing.
Reversed and remanded for resentencing.
FARMER and SHAHOOD, JJ., concur.