919 So.2d 602 (2006)
Jose Armando ORTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2692.
District Court of Appeal of Florida, Third District.
January 18, 2006.
*603 Bennett H. Brummer, Public Defender; and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General; and Jill K. Traina, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and ROTHENBERG, JJ.
PER CURIAM.
Defendant appeals from a sentencing Order, which granted his motion to correct an illegal sentence and corrected his sentence, and from the trial court's denial of his motion for downward departure, on the ground that the trial court proceeded with these actions without the defendant's presence. The defendant pled guilty and was sentenced to four years of probation in case numbers 01-33176, 03-24916, 03-24917, and 03-27648. An affidavit of violation of probation was subsequently filed against defendant, and a probation violation hearing was held. At the conclusion of the violation hearing, the trial court found that the defendant violated his probation and sentenced him to "the bottom of the guidelines," which, pursuant to the scoresheet, was a 60.9 months sentence.
On September 30, 2004, the defendant filed a motion to correct illegal sentence, alleging that the guideline sheet was improperly calculated because the trial court incorrectly attributed to him a second degree murder prior conviction instead of an aggravated battery prior conviction. The defendant also sought a downward departure on the ground that he was intoxicated at the time of the violation. At the hearing on the motion to correct the illegal sentence, counsel requested the defendant's presence. The court denied the request to have the defendant present; granted the motion to correct sentence, realizing the score sheet error; and resentenced the defendant to the bottom of the recalculated scoresheet, which was 54.15 months. Additionally, the trial court denied the defendant's request for downward departure, finding that Section 921.0016(4), Florida Statutes, does not authorize a downward departure for use of controlled substances, and that Section 921.0016(5), Florida Statutes, specifically provides that *604 intoxication/addiction is not a mitigating factor for departure. The defendant appeals.
A defendant is constitutionally entitled to be present at all fundamental stages of a criminal proceeding, including sentencing. Fla. R.Crim. P. 3.180(a)(9); Dougherty v. State, 785 So.2d 1221, 1223 (Fla. 4th DCA 2001). Moreover, any error in denying a defendant her or his right to be present at a critical stage of any proceeding is fundamental error. Dougherty, 785 So.2d at 1223. Florida has, however, recognized an exception in resentencing cases where only the "ministerial act" of sentence correction is required. Frost v. State, 769 So.2d 443, 444 (Fla. 1st DCA 2000); Williams v. State, 697 So.2d 584 (Fla. 4th DCA 1997)(correcting a discrepancy between the oral pronouncement and the written sentence).
After reviewing the Record, we conclude that resentencing in the instant case does not involve a "ministerial act." In Roy v. State, 711 So.2d 1348 (Fla. 1st DCA 1998), the First District remanded the defendant's case for resentencing based upon an incorrect scoresheet which, when correctly recalculated, resulted in a reduced sentencing range. The Court specifically found that the defendant's presence was required at resentencing. Id. at 1349 (citing Phillips v. State, 705 So.2d 1320 (Fla.1997) (resentencing is an entirely new proceeding and the trial court is under no obligation to make the same findings)); see also Dougherty, 785 So.2d at 1223.
In the instant case, when the trial court corrected and recalculated the score sheet to reflect the defendant's accurate prior convictions, it resulted in a reduced sentencing range. Although the trial court originally pronounced its intention to sentence the defendant to "the bottom of the guidelines," it was not obligated to do so. See Phillips, 705 So.2d at 1322. Accordingly, we find that the trial court erroneously denied the defendant's right to be present at resentencing, vacate the defendant's sentence, and remand for resentencing with the defendant present.
Reversed and remanded.