980 So.2d 599 (2008)
Warren RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-676.
District Court of Appeal of Florida, Second District.
May 2, 2008.
*600 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
GALLEN, THOMAS M., Associate Senior Judge.
Warren Rivers appeals the judgments and sentences imposed by the trial court following his pleas of guilty in six separate cases each involving multiple counts. During the pendency of this appeal, Rivers filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We affirm the judgments but reverse and remand the sentences for the reasons described below.
Although the written plea agreement states that Rivers entered his pleas in exchange for concurrent sentences of 16.5 years, the transcript of the plea hearing shows that the State agreed that Rivers was to receive a "bottom of the guidelines" concurrent sentence for each count. The transcript also shows that the trial court understood that the agreement was for a "bottom of the guidelines sentence," not for a term of years as may be inferred from the language of the written plea agreement.
The trial court conducted a hearing on Rivers' motion to correct sentencing errors on October 25, 2006, at which Rivers was not present. When defense counsel called attention to the requirement in Florida Rule of Criminal Procedure 3.180(a)(9) that the defendant be present "at the pronouncement of judgment and the imposition of sentence," the trial court stated, "I'm going to say that technically this was not a sentencing." Nevertheless, the trial court proceeded to resentence Rivers, substantively modifying the earlier sentences. A defendant has a right to be present at any sentencing proceeding except those that are purely ministerial in nature. See Orta v. State, 919 So.2d 602 (Fla. 3d DCA 2006); Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA 2001). Our review of the record shows that the resentencing *601 proceeding in this case was not purely ministerial and that Rivers was entitled to be present at the hearing. Accordingly we reverse and remand for resentencing.
Additionally, the State concedes that it was error to score as additional offenses the counts in case number 03-3153 for which Rivers had been sentenced as a habitual felony offender and we agree. Olsen v. State, 791 So.2d 558, 560 (Fla. 2d DCA 2001); Drayton v. State, 744 So.2d 584, 585 (Fla. 2d DCA 1999); Perez v. State, 703 So.2d 1131, 1132 (Fla. 2d DCA 1997). However, this error was not properly preserved by Rivers below.
Affirmed in part, reversed in part, and remanded for resentencing with Rivers present.
DAVIS and SILBERMAN, JJ., Concur.