988 So.2d 707 (2008)
Samuel Geraldo VELEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-852.
District Court of Appeal of Florida, Third District.
August 13, 2008.
Rehearing Denied August 13, 2008.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, GREEN, and WELLS, JJ.

On Rehearing Denied
COPE, J.
On consideration of the appellant's motion for rehearing, the Court withdraws its previous opinion and substitutes the following opinion:
This is an appeal of an order on the motion of defendant-appellant Samuel G. Velez to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
The defendant maintains that he should have been personally present when the trial court entered an order resentencing him on count one. Under the circumstances of this case, the defendant is incorrect.
At his sentencing in 1991,[*] the court imposed a fifty-year sentence on count one. Velez v. State, 596 So.2d 1197, 1199 (Fla. 3d DCA 1992). In his rule 3.800(a) *708 motion, the defendant argued, and the trial court agreed, that the fifty-year sentence exceeded the thirty-year legal maximum on count one. The court entered an order reducing the sentence on count one to thirty years.
Under the circumstances of this case, it was not necessary for the defendant to be personally present for this resentencing. That is so because count one was concurrent with count two, on which the defendant is serving a life sentence. The controlling sentence is the life sentence. The reduction of the sentence on count one to the legal maximum, thirty years, was a ministerial act and the defendant was not entitled to be personally present. See Richardson v. Moore, 754 So.2d 64, 65 (Fla. 3d DCA 2000); Windisch v. State, 709 So.2d 606, 607 (Fla. 2d DCA 1998).
In his second point, the defendant challenges the life sentence and three-year mandatory minimum sentence imposed for count two, armed burglary. This claim was raised by the defendant in a previous rule 3.800(a) motion, the denial of which was affirmed on appeal. Velez v. State, 920 So.2d 9 (Fla. 3d DCA 2006). The current claim is therefore barred by collateral estoppel and the law of the case doctrine. State v. McBride, 848 So.2d 287, 289-90 (Fla.2003).
The remaining points are without merit.
Affirmed.
NOTES
[*] The crime date on this count was April 27, 1990.