PER CURIAM.
Tyrone Jordan (defendant) appeals from an order granting his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), and resen-tencing him without a hearing. Because defendant’s resentencing was a ministerial act, we affirm.
Defendant was convicted of one count of strong arm robbery, a second degree felony, and one count of burglary with an assault/battery, a first degree felony. The trial court found that defendant qualified as a habitual violent offender under section 775.084(4), Florida Statutes (1994), and sentenced defendant to life imprisonment with a fifteen-year mandatory minimum on both counts. Thereafter, defendant moved to correct his sentence on the ground that a life sentence for the strong arm robbery count was illegal. The trial court granted defendant’s motion, vacated the prior sentence on the robbery count, and summarily resentenced him to thirty years imprisonment on that count. Because the life sentence on the burglary count remained unchanged, the trial court determined there was no need to hold a resentencing hearing where defendant could be present. Defendant appeals from this ruling.
Generally, a defendant is constitutionally entitled to be present at his or her resentencing, unless it is only a “ministerial act” to correct a prior sentence. Orta v. State, 919 So.2d 602, 604 (Fla. 3d DCA 2006). This Court previously has held that resentencing for a concurrent offense, when the defendant is serving a sentence of equal or greater length on another conviction, is a ministerial act. Velez v. State, 988 So.2d 707 (Fla. 3d DCA 2008). We recognize that the Florida Supreme Court abrogated this concurrent sentence doctrine in 1970. Frizzell v. State, 238 So.2d 67 (Fla.1970). There the court concluded that concurrent re-sentencing was a crucial stage requiring the defendant’s presence because of the possibility of obtaining more favorable consideration for parole. Florida has since abolished the parole system in favor of sentencing guidelines. Thus, as this Court implicitly understood in Velez, the main reason for abrogation of the doctrine no longer exists.
Accordingly, we affirm the sentence entered by the trial court.
Affirmed.