# Supreme Court of Florida

_____

No. SC12-854
_____

**TYRONE JORDAN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[April 10, 2014]

QUINCE, J.

This case is before the Court for review of the decision of the Third District Court of Appeal in Jordan v. State, 83 So. 3d 910 (Fla. 3d DCA 2012). In a subsequent order, the district court amended its opinion to certify the following question of great public importance:

> WHETHER THE CONCURRENT SENTENCE DOCTRINE SET
> FORTH IN FRIZZELL V. STATE, 238 So. 2d 67 (Fla. 1970),
> REMAINS VALID AFTER ABOLISHMENT OF THE PAROLE
> SYSTEM IN FAVOR OF SENTENCING GUIDELINES.

We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we rephrase the certified question to read:

WHETHER THE DEFENDANT'S PRESENCE IS REQUIRED AT RESENTENCING WHERE THE POSTCONVICTION COURT, PURSUANT TO THE DEFENDANT'S RULE 3.800(a) MOTION, REDUCES THE PRISON SENTENCE AS TO ONE COUNT BUT LEAVES INTACT A LONGER CONCURRENT SENTENCE ON ANOTHER COUNT.

Accordingly, we answer the rephrased certified question in the affirmative and approve the result, but not the reasoning, of the Third District's decision on the issue of whether the defendant is required to be present at resentencing when the reduction of one sentence leaves a longer concurrent sentence still intact.

## FACTS AND PROCEDURAL HISTORY

Tyrone Jordan was convicted of one count of burglary with an assault or battery, a first-degree felony, and one count of strong-arm robbery, a second-degree felony. Jordan, 83 So. 3d at 911. The sentencing judge found him to be a habitual violent felony offender (HVFO) under section 775.084(4), Florida Statutes (1993), and sentenced him to concurrent life sentences with fifteen-year mandatory minimums for each conviction. Jordan, 83 So. 3d at 911. Jordan filed a Motion to Correct an Illegal Sentence, under Florida Rule of Criminal Procedure 3.800(a), alleging that a life sentence on the second-degree felony conviction was impermissible. Jordan, 83 So. 3d at 911. Without holding a hearing, the trial court granted the motion, vacated the sentence for the robbery count, and resentenced Jordan to the maximum under the statute—thirty years—with a ten-year mandatory minimum, still running concurrently. Id.; § 775.084(4)(b). "Because the life

sentence on the burglary count remained unchanged, the trial court determined there was no need to hold a resentencing hearing where [Jordan] could be present." Jordan, 83 So. 3d at 911. Jordan appealed this determination. Id.

The Third District found that Jordan was not constitutionally entitled to be present at resentencing as his resentencing was only a "ministerial act." Id. (citing Orta v. State, 919 So. 2d 602, 604 (Fla. 3d DCA 2006) (holding that a defendant is not constitutionally entitled to be present at resentencing where the resentencing is only a ministerial act to correct a prior sentence); Velez v. State, 988 So. 2d 707, 708 (Fla. 3d DCA 2008) (finding that resentencing on one of two counts is a ministerial act if the defendant is serving a concurrent sentence of equal or greater length)). The district court acknowledged that this Court abrogated the concurrent sentence doctrine in Frizzell, but held that because the parole system was abolished in Florida in favor of sentencing guidelines, the rationale for abrogation of the doctrine is no longer valid. Jordan, 83 So. 3d at 911. Thus the Third District affirmed the sentence imposed by the trial court. Id. Jordan filed a Motion for Certification, which the Third District granted, amending its opinion to certify the following question:

> WHETHER THE CONCURRENT SENTENCE DOCTRINE SET
> FORTH IN FRIZZELL V. STATE, 238 So. 2d 67 (Fla. 1970),
> REMAINS VALID AFTER ABOLISHMENT OF THE PAROLE
> SYSTEM IN FAVOR OF SENTENCING GUIDELINES.

**ANALYSIS**

- 3 -

The concurrent sentence doctrine provides that in the case of multiple concurrent sentences, an appellate court need not address challenges to every conviction where another conviction with a concurrent sentence of equal or greater length has been affirmed on appeal. See Hirabayashi v. United States, 320 U.S. 81, 85 (1943). In Frizzell, we abrogated the doctrine in habeas corpus cases in Florida. 238 So. 2d at 69. However, it appears from the Third District's opinion and the language of the certified question that the district court misconstrued our opinion in Frizzell. The district court's opinion reads, "We recognize that the Florida Supreme Court abrogated this concurrent sentence doctrine [in Frizzell] in 1970. There the court concluded that concurrent resentencing was a crucial stage requiring the defendant's presence because of the possibility of obtaining more favorable consideration for parole." Jordan, 83 So. 3d at 911 (citation omitted). However, nowhere in Frizzell did this Court reach such a conclusion or use any language relating to a defendant's presence at resentencing. Additionally, Frizzell did not abrogate the concurrent sentence doctrine in all cases,[1] only in those involving a writ of habeas corpus. Frizzell, 238 So. 2d at 69 ("From henceforth this Court will consider the merits of petitions for habeas corpus even though the

_____

1. This fact is evidenced by the Florida cases in which the doctrine has still been applied after 1970: Foxx v. State, 392 So. 2d 48 (Fla. 3d DCA 1981); Jacobs v. State, 389 So. 2d 1054 (Fla. 3d DCA 1980); Mathis v. State, 348 So. 2d 1221 (Fla. 3d DCA 1977).

petitioner is not entitled to be released if successful in his attack on a conviction, and regardless of whether the sentences are concurrent or consecutive."). Thus, Frizzell does not apply to the instant case.

Furthermore, the Third District's opinion implies that the rule of law the district court developed in Velez and relied on in its decision below constitutes the concurrent sentence doctrine. See Jordan, 83 So. 3d at 911 (citing Velez, then stating, "We recognize that the Florida Supreme Court abrogated this concurrent sentence doctrine in 1970" (emphasis added)). However, the concurrent sentence doctrine provided that appellate courts may decide not to address a challenge to a conviction if another conviction with a concurrent sentence of equal or greater length will remain intact. The Third District's decisions in Velez and the instant case do in fact address such a challenge—by finding that any reduction to the challenged sentence in such circumstances constitutes a "ministerial act" not requiring the defendant's presence at resentencing. As such, in neither the instant case nor in Velez was the Third District applying the concurrent sentence doctrine.

Because both Frizzell and the concurrent sentence doctrine are inapplicable to the case at bar, we rephrase the certified question as follows:

> WHETHER THE DEFENDANT'S PRESENCE IS REQUIRED AT RESENTENCING WHERE THE POSTCONVICTION COURT, PURSUANT TO THE DEFENDANT'S RULE 3.800(a) MOTION, REDUCES THE PRISON SENTENCE AS TO ONE COUNT BUT LEAVES INTACT A LONGER CONCURRENT SENTENCE ON ANOTHER COUNT.

For the reasons outlined below, we answer this question in the affirmative.

## I.  Was Jordan's Presence Required?

"[O]ne of a criminal defendant's most basic constitutional rights is the right to be present in the courtroom at every critical stage in the proceedings."  Jackson v. State, 767 So. 2d 1156, 1159 (Fla. 2000).  Florida Rule of Criminal Procedure 3.180(a)(9) requires the defendant's presence "at the pronouncement of judgment and the imposition of sentence."  We have extended this right to resentencing hearings as well.  See Jackson, 767 So. 2d at 1160 (finding that defendant's presence would contribute to the fairness of the procedure and thus extending the right to be present to the hearing where the sentence will be reconsidered); Griffin v. State, 517 So. 2d 669, 670 (Fla. 1987) (finding presence of defendant necessary at resentencing so that defendant has the opportunity to submit evidence relevant to the sentence, if warranted); State v. Scott, 439 So. 2d 219, 221 (Fla. 1983) (finding defendant entitled to be present at a sentencing correction in the same manner and to the same degree as when the defendant was originally sentenced).

Thus, "[a] defendant has a right to be present and to be represented by counsel at any resentencing proceeding from a rule 3.800(a) motion," Acosta v. State, 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010), and Jordan was entitled to be present at his resentencing.  The trial court committed error by resentencing Jordan

in his absence. [2]

## II.  Was The Error Harmless?

A violation of the right to be present is subject to a harmless error analysis. See Smithers v. State, 826 So. 2d 916, 927 (Fla. 2002).  "In other words, when the defendant is involuntarily absent during a crucial stage of adversary proceedings contrary to rule 3.180(a), the burden is on the state to show beyond a reasonable doubt that the error (absence) was not prejudicial."  Garcia v. State, 492 So. 2d 360, 364 (Fla. 1986).  "[W]hile rule 3.180(a) determines that the involuntary absence of the defendant is error in certain enumerated circumstances, it is the constitutional question of whether fundamental fairness has been thwarted which determines whether the error is reversible."  Id.  Under this standard, we have found harmless error where the defendant suffered no prejudice from his absence, "the defendant would not have been able to assist his counsel in opposing adverse rulings," or "no adverse rulings were made outside the defendant's presence." Ault v. State, 53 So. 3d 175, 202 (Fla. 2010) (citing Pomeranz v. State, 703 So. 2d 465, 471 (Fla. 1997); Roberts v. State, 510 So. 2d 885, 890-91 (Fla. 1987); Garcia, 492 So. 2d at 363).

---

2.  The Third District's analysis focused on the fact that Jordan was being resentenced on only one count, while his longer, concurrent sentence of life imprisonment would remain intact.  Jordan, 83 So. 3d at 911.  However, that fact is more relevant to a harmless error analysis than to a determination of whether the defendant had a right to be present.

The Third District is correct that resentencing a defendant in his absence will be harmless where it involves only a ministerial act. Orta, 919 So. 2d at 604; Acosta, 46 So. 3d at 1180 (explaining that the right of presence does not exist where the resentencing "concerns issues that are purely ministerial in nature"). However, Florida's district courts have found that a resentencing in which a trial judge has <u>discretion</u> as to the new sentence is <u>not</u> a ministerial act and thus requires the defendant's presence.[3] The Third District itself has stated, "A defendant will receive a new sentencing hearing if the resentencing involves <u>additional consideration or sentencing discretion</u>, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence." Mullins v. State, 997 So. 2d 443, 445 (Fla. 3d DCA 2008) (emphasis added). Therefore, a resentencing at which the trial judge has judicial discretion is not a ministerial act.

---

3. Frison v. State, 76 So. 3d 1103, 1104-05 (Fla. 5th DCA 2011) (rejecting State's argument that defendant's resentencing was merely ministerial because, although parties agreed that life sentence was illegal, imposition of a forty-year sentence was not mandatory, thus trial court had discretion on resentencing); Acosta, 46 So. 3d at 1180-81 (explaining that while a fifteen-year mandatory minimum requirement limited the trial court's discretion at the original sentencing hearing, the removal of that requirement restored sentencing discretion to the trial judge, and thus "the resentencing was no longer a ministerial act"); Cross v. State, 18 So. 3d 1235, 1235-36 (Fla. 1st DCA 2009) (relying on Mullins v. State, 997 So. 2d 443 (Fla. 3d DCA 2008), to reject State's argument that striking the minimum mandatory term was merely ministerial where parties and court falsely believed the 10/20/Life minimum mandatory sentence applied); Lecroy v. State, 954 So. 2d 747, 748 (Fla. 4th DCA 2007) (finding resentencing to be ministerial where trial court had no discretion to vary from this Court's mandate of a specific sentence to be imposed on resentencing).

The instant resentencing was not ministerial because the trial court had discretion as to Jordan's new sentence. At the initial sentencing, Jordan was deemed a habitual violent felony offender under section 775.084(4). This section dictates that the trial court sentence such an offender convicted of a second-degree felony to "a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years." § 775.084(4)(b)2. It is clear from this language that while the ten-year mandatory minimum is required to be imposed, the trial court had the discretion to sentence Jordan to anywhere from ten to thirty years' imprisonment. See, e.g., Burdick v. State, 594 So. 2d 267, 270 n.8 (Fla. 1992) (noting that when a defendant is classified as a habitual offender, the trial judge maintains sentencing discretion). Additionally, although Jordan's original sentence of life imprisonment appears to demonstrate the trial judge's intent to sentence Jordan to the maximum allowable punishment, the judge was not obligated to maintain that same intent at resentencing. Orta, 919 So. 2d at 604 ("Although the trial court originally pronounced its intention to sentence the defendant to 'the bottom of the guidelines,' it was not obligated to do so."); Phillips v. State, 705 So. 2d 1320, 1322 (Fla. 1997) (quoting King v. Dugger, 555 So. 2d 355, 358-59 (Fla. 1990)) ("Phillips' resentencing proceeding was a 'completely new proceeding,' and the trial court was therefore under no obligation to make the same findings as those made in Phillips' prior sentencing

proceeding."). Thus, the judicial discretion present in this case eliminates the ministerial nature of the resentencing. Mullins, 997 So. 2d at 445.

Although the resentencing here was not a ministerial act, the error is still harmless because Jordan is serving a concurrent, true life sentence on the burglary count and will suffer no practical consequences as a result of being resentenced in his absence on the robbery count. Under these circumstances, Jordan is not entitled to relief.

## CONCLUSION

Resentencing Jordan in his absence was error because, under rule 3.180(a), he was entitled to be present. However, the error is harmless because Jordan is serving a concurrent, true life sentence on another count, with no practical consequences. Accordingly, we approve the result, but not the reasoning of the decision of the Third District below.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

Third District - Case No. 3D11-2385

(Miami-Dade County)

- 10 -

Deana K. Marshall of Law Office of Deana K. Marshall, P.A., Riverview, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Richard L. Polin, Miami Bureau Chief, and Jay E. Silver, Assistant Attorney General, Office of the Attorney General, Miami, Florida,

    for Respondent