DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICARLO A. BETTY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1864

[December 20, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 56-2007-CF-000147A.

Ricarlo A. Betty, Arcadia, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Ricardo A. Betty ("Appellant") appeals the order denying his motion to set a hearing date for the *de novo* sentencing hearing granted as post-conviction relief. Because the original sentencing judge summarily and improperly found a *de novo* sentencing hearing "unnecessary" after a different trial court judge ruled such relief was warranted, we reverse and remand for a new sentencing hearing before a different judge.

*Background*

In 2008, Appellant was convicted after trial of two counts of robbery with a deadly weapon while masked and was sentenced to life in prison on each count. Appellant's judgment and sentence were affirmed on direct appeal. *Betty v. State*, 22 So. 3d 558 (Fla. 4th DCA 2009).

In 2011, Appellant moved for post-conviction relief raising several grounds. The motion was heard by a judge who did not preside over the trial and sentencing. The trial court denied post-conviction relief except for one ground, in which Appellant asserted ineffective assistance of

counsel for failure to advise Appellant of his youthful offender eligibility and argue for a youthful offender sentence. The trial court found sufficient prejudice on that ground to grant Appellant a *de novo* sentencing hearing in front of the original sentencing judge to enable that judge to consider whether Appellant should be classified and sentenced as a youthful offender. The written order granting relief stated:

> The parties may contact the sentencing judge for hearing time at a mutually convenient time *and/or* file an appeal within thirty days.

(emphasis added).

Appellant appealed the denial of post-conviction relief on the same grounds for which relief was not granted, before seeking a new sentencing hearing. This Court *per curiam* affirmed the denial as to those grounds. *Betty v. State,* 138 So. 3d 1037 (Fla. 4th DCA 2014).

After his post-conviction relief appeal was resolved, Appellant filed a *pro se* motion to set a hearing date for the *de novo* sentencing hearing granted in the trial court's 2011 order. Appellant's motion for a *de novo* sentencing was denied without a hearing by the original sentencing court. The order denying the motion stated, without any citation to authority, that the original sentencing court "d[id] not believe" it had jurisdiction to hold a sentencing hearing after Appellant filed the appeal of the post-conviction order. Alternatively, the original sentencing court found that even if it did have jurisdiction, a *de novo* hearing was "unnecessary," reasoning that the original sentencing court had presided over Appellant's trial and sentencing and had reviewed the transcripts of both proceedings, and that regardless of any possible youthful offender argument trial counsel could make, the original sentencing court would not have sentenced Appellant as a youthful offender. The original sentencing court noted that Appellant scored 13.9 years in prison with a minimum mandatory of ten years, but that it had imposed two life sentences on Appellant, attaching portions of the sentencing transcript reflecting the sentence. Therefore, the original sentencing court denied Appellant's motion for a *de novo* resentencing hearing.

Appellant gave notice of appeal of the order denying a *de novo* sentencing.

*Appellate Analysis*

As our supreme court has explained:

2

> "[O]ne of a criminal defendant's most basic constitutional rights is the right to be present in the courtroom at every critical stage in the proceedings." *Jackson v. State*, 767 So. 2d 1156, 1159 (Fla. 2000). . . . We have extended this right to resentencing hearings as well. *See Jackson*, 767 So. 2d at 1160 (finding that defendant's presence would contribute to the fairness of the procedure and thus extending the right to be present to the hearing where the sentence will be reconsidered); *Griffin v. State*, 517 So. 2d 669, 670 (Fla. 1987) (finding presence of defendant necessary at resentencing so that defendant has the opportunity to submit evidence relevant to the sentence, if warranted); *State v. Scott*, 439 So. 2d 219, 221 (Fla. 1983) (finding defendant entitled to be present at a sentencing correction in the same manner and to the same degree as when the defendant was originally sentenced).

*Jordan v. State*, 143 So. 3d 335, 338 (Fla. 2014) (first alteration in original).

"A violation of the right to be present is subject to a harmless error analysis." *Id.* at 338-39 (citing *Smithers v. State*, 826 So. 2d 916, 927 (Fla. 2002)). "In other words, when the defendant is involuntarily absent during a crucial stage of adversary proceedings contrary to rule 3.180(a), the burden is on the state to show beyond a reasonable doubt that the error (absence) was not prejudicial." *Id.* at 339 (quoting *Garcia v. State*, 492 So. 2d 360, 364 (Fla. 1986)).

Appellant argues on appeal that the sentencing judge erred in denying his motion for *de novo* sentencing hearing after post-conviction relief was granted based on ineffective assistance of counsel at sentencing. Appellant contends a *de novo* sentencing hearing was required for consideration of sentencing him as a youthful offender, with Appellant and his counsel present to offer evidence and argument on the issue. Appellant further argues that resentencing in the procedural context of this case would not constitute a ministerial act, because resentencing would require an exercise of the trial court's discretion.

We agree with Appellant that, once the trial court determines that *de novo* resentencing is appropriate, the defendant is "entitled to a *de novo* sentencing hearing with the full array of due process rights." *Webb v. State*, 805 So. 2d 856, 857 (Fla. 2d DCA 2001) (quoting *St. Lawrence v. State*, 785 So. 2d 728, 729-30 (Fla. 5th DCA 2001)). It is further well established that "a defendant is entitled to be present and represented by counsel at [a] resentencing proceeding . . . unless resentencing involves

3

only a ministerial act." *Burgess v. State,* 182 So. 3d 841, 842 (Fla. 4th DCA 2016) (citing *Jordan,* 143 So. 3d at 338). Furthermore, "[a] resentencing at which the trial judge has judicial discretion is not a ministerial act." *Id.* (citing *Jordan,* 143 So. 3d at 339-40).

In this case, it was undisputed that Appellant was eligible to be classified and sentenced as a youthful offender, and the trial court granting post-conviction relief determined that he was entitled to a *de novo* sentencing hearing. We agree with Appellant that resentencing would not be a ministerial act. Our supreme court has held that although an original sentence of life imprisonment may appear to demonstrate a trial judge's intent to sentence a defendant to the maximum allowable punishment, the judge is "not obligated to maintain that same intent at resentencing." *Jordan,* 143 So. 3d at 340 (citing *Orta v. State,* 919 So. 2d 602, 604 (Fla. 3d DCA 2006) ("Although the trial court originally pronounced its intention to sentence the defendant to 'the bottom of the guidelines,' it was not obligated to do so.")); *Phillips v. State,* 705 So. 2d 1320, 1322 (Fla. 1997) (quoting *King v. Dugger,* 555 So. 2d 355, 358-59 (Fla. 1990) ("Phillips' resentencing proceeding was a 'completely new proceeding,' and the trial court was therefore under no obligation to make the same findings as those made in Phillips' prior sentencing proceeding.")). "Thus, the judicial discretion present in this case eliminates the ministerial nature of the resentencing." *Jordan,* 143 So. 3d at 340 (citing *Mullins v. State,* 997 So. 2d 443, 445 (Fla. 3d DCA 2008)).

The State's argument that Appellant waived the *de novo* sentencing hearing by choosing to appeal the denial of post-conviction relief on other grounds lacks merit. The State supports this proposition by referring to the trial court's language in the order that: "The parties may contact the sentencing judge for hearing time at a mutually convenient time ***and/or*** file an appeal within thirty days." (emphasis added). However, the State ignores the "and" portion of the "and/or" language and simply argues that the wording of the order "clearly states that Appellant was told he could set the case down for a hearing ***or*** file an appeal." We read the "or" language to contemplate the possibility that Appellant may decide not to appeal the claims for post-conviction relief denied and be satisfied with a *de novo* sentencing hearing. We read the "and" language to contemplate the possibility that Appellant may appeal the claims denied and subsequently proceed with a *de novo* sentencing hearing if the appeal failed. We do not agree with the State that we should read the "and/or" language to mean the trial court was granting post-conviction relief on one ground, conditioned on Appellant not filing an appeal as to the other grounds.

4

We also disagree with the State's argument that the sentencing court properly determined that a *de novo* sentencing hearing was "unnecessary" because the sentencing judge, in the order denying the hearing, indicated that he would not have sentenced Appellant as a youthful offender, even had the argument been made at sentencing. While it is true the decision whether to impose a youthful offender sentence was up to the judge's discretion, Appellant was entitled to a *de novo* hearing in which he could present any further evidence not presented at the original sentencing and make arguments not previously raised. The original sentencing court could not properly exercise discretion on the issue without hearing such evidence and argument first.

We therefore quash the order denying Appellant's motion for a *de novo* sentencing hearing and remand the case for further proceedings before a judge other than the original sentencing judge. Appellant, represented by counsel, must be present for the *de novo* sentencing. We recognize the order granting post-conviction relief specifically ordered a *de novo* sentencing by the original sentencing judge. However, given the announced decision by the original sentencing judge before considering the evidence and arguments to be presented on the issue, the appearance of prejudgment must be avoided and sentencing by a different judge is required.

*Reversed and remanded with instructions.*

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***