NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTONIO DARWIN,                                )
                                               )
          Appellant,                           )
                                               )
v.                                             )          Case No. 2D17-618
                                               )
STATE OF FLORIDA,                              )
                                               )
          Appellee.                            )
_____)

Opinion filed November 14, 2018.

Appeal from the Circuit Court for
Polk County; John K. Stargel, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.

CASANUEVA, Judge.

          Antonio Darwin appeals his sentence for one count of uninformed HIV-

infected sexual intercourse.  Specifically, Mr. Darwin challenges a $525 discretionary

fine imposed at resentencing.  Because he was not present at resentencing, we

reverse.

Following his first sentencing hearing, Mr. Darwin filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b) arguing that a $525 discretionary fine was improperly imposed because it was not orally pronounced. The State agreed that the fine should have been orally pronounced,[1] and the trial court set the matter for a status conference during which it orally pronounced the $525 fine and made no other changes to the original sentence. Mr. Darwin was not present for the resentencing and argues that the trial court erred by proceeding in his absence. We agree.

"A defendant has a right to be present at any sentencing proceeding except those that are purely ministerial in nature." Rivers v. State, 980 So. 2d 599, 600 (Fla. 2d DCA 2008); see also Jordan v. State, 143 So. 3d 335, 338 (Fla. 2014) (noting that this right has been extended to resentencing hearings). Where the trial court is merely conducting a ministerial act, the defendant's absence from the proceedings will be considered harmless error. Thompson v. State, 208 So. 3d 1183, 1187 (Fla. 3d DCA 2017). However, "a resentencing at which the trial judge has judicial discretion is not a ministerial act." Jordan, 143 So. 3d at 339; see also Acosta v. State, 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010) ("[W]here the resentencing is within the trial court's discretion, the resentencing is not purely ministerial, and a defendant is entitled to be present at the hearing.").

Here, the trial court exercised discretion in orally pronouncing a discretionary fine at resentencing, the resentencing was not merely a ministerial act,

---

[1]See Osterhoudt v. State, 214 So. 3d 550, 551 (Fla. 2017) ("[W]e hold that trial courts must individually pronounce discretionary fees, costs, and fines during a sentencing hearing to comply with due process requirements.").

and Mr. Darwin was entitled to be present.  See Jordan, 143 So. 3d at 339; Rivers, 980 So. 2d at 600.  The State failed to establish that the error of Mr. Darwin's absence was harmless.  See Jordan, 143 So. 3d at 339 (noting that the burden is on the State to establish beyond a reasonable doubt that the error was harmless).  Further, the record does not establish a knowing, intelligent, and voluntary waiver of this right by Mr. Darwin.  See Tyler v. State, 793 So. 2d 137, 143 (Fla. 2d DCA 2001); Elmer v. State, 140 So. 3d 1132, 1137 (Fla. 5th DCA 2014).

Accordingly, we must reverse and remand for resentencing.

MORRIS and ATKINSON, JJ., Concur.