# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

DONNIS TURNER FOSTER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-2966
_____

April 3, 2024

Appeal from the Circuit Court for Hillsborough County; Michael S. Williams, Judge.

Bryant A. Scriven of Scriven Law, P.A., Tampa, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.


PER CURIAM.

Donnis Foster appeals from an amended sentence.[1] The circuit court sua sponte entered an amended sentence imposing a

---

[1] Mr. Foster raises an additional argument on appeal concerning an order denying his motion to withdraw plea. Because of our reversal of the corrected judgment and sentence, we do not reach the errors urged by Mr. Foster regarding the denial of his motion to withdraw plea.

nondiscretionary fine mandated by section 893.135(1)(c)1.b, Florida Statutes (2010).  On appeal, Mr. Foster argues that he had the right to be present for the correction of his sentence.  Mr. Foster is correct.  *See Dunbar v. State*, 89 So. 3d 901, 907 (Fla. 2012) ("[Mr.] Dunbar was entitled to be present when his sentence was increased because a sentencing proceeding in which a sentence is increased is a critical stage of trial at which the defendant's presence 'would contribute to the fairness of the procedure.' " (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987))); *see also Thomas v. State*, 286 So. 3d 884, 885-86 (Fla. 2d DCA 2019) (applying *Dunbar* and concluding that due process required Mr. Thomas to be present when the trial court imposed a mandatory minimum term to Mr. Thomas' sentence after the sentencing hearing).

Accordingly, we reverse Mr. Foster's amended sentence and remand for a sentencing hearing for the circuit court to orally pronounce imposition of the nondiscretionary fine it added to Mr. Foster's written sentence outside of his presence.

Reversed and remanded.

SLEET, C.J., and LUCAS, J., Concur.
LaROSE, J., Concurs with opinion.

LaROSE, Judge, Concurring.

With hesitation, I join the court's opinion.  Under *Dunbar v. State*, 89 So. 3d 901 (Fla. 2012), Mr. Foster is entitled to be present at a new sentencing hearing.  Of course, we know how the story will end.  The trial court will impose a nondiscretionary fine under section 843.135(1)(c)1.b.

This strikes me as "make-work."[2]  But, *Dunbar* seemingly compels this result for due process reasons.  We are bound by *Dunbar*.

Perhaps, however, *Dunbar* sweeps too broadly.  Nothing will be gained by Mr. Foster's attendance at the hearing.  The trial court's hands are tied.  Justice Canady's partial dissent in *Dunbar*, 89 So. 3d at 908, I think, marks out a better path.  The majority in *Dunbar*, 89 So. 3d at 907, held that Mr. Dunbar was entitled to be present when the trial court increased his sentence to include a previously omitted mandatory minimum term.

Justice Canady challenged the necessity of that requirement.  Indeed, Justice Canady noted that Mr. Dunbar had not established that a fundamental and harmful error occurred when the trial court imposed the corrected sentence without him.  *Id.* at 908.  Because the trial court lacked authority to impose a sentence without a mandatory minimum term, Justice Canady saw no way that Mr. Dunbar's presence "would contribute to the fairness of the procedure."  *Id.* (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)).  Justice Canady continued, "[I]n the circumstances existing here, [Mr.] Dunbar's presence at a resentencing would be a prime example of a situation 'when presence would be useless, or the benefit but a shadow.' "  *Id.* (quoting *Stincer*, 482 U.S. at 745)).

The same is true for Mr. Foster.  Nothing he can do or say at a resentencing hearing will alter the outcome.  *Dunbar*, in my view,

---

[2] *See Make-Work*, Merriam Webster Dictionary Online, https://www.merriam-webster.com/dictionary/make-work (last visited February 13, 2024) (defining "make-work" as "work assigned or done chiefly to keep one busy").  Because judicial resources are limited, make-work is generally disfavored.  *See generally United States v. Jeffords*, 647 F. Supp 906, 907 (D. Me. 1986).

imposes unnecessary strain and expense on the trial court and the Department of Corrections.

We have previously said that "[a] defendant has a right to be present at any sentencing proceeding except those that are purely ministerial in nature." *Darwin v. State*, 259 So. 3d 260, 261 (Fla. 2d DCA 2018) (quoting *Rivers v. State*, 980 So. 2d 599, 600 (Fla. 2d DCA 2008)). We explained that "a resentencing at which the trial judge has judicial discretion is not a ministerial act." *Id.* at 262 (quoting *Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014)). Consequently, we reversed Mr. Darwin's sentence because he was not present at a resentencing hearing where the trial court imposed a discretionary fine. *Id.* ("[T]he trial court exercised discretion in orally pronouncing a discretionary fine at resentencing, the resentencing was not merely a ministerial act, and Mr. Darwin was entitled to be present."). Logically, it follows that a resentencing hearing where the trial court will impose a nondiscretionary term should not require a defendant's presence. The trial court's action—anticipated by our decision today—is certainly akin to a ministerial act.

In an analogous situation, the supreme court held that the trial court need not provide notice and a hearing to a defendant before imposing the statutorily required $100 minimum fee for services rendered by the public defender. See *State v. J.A.R.*, 318 So. 3d 1256, 1258–59 (Fla. 2021). Perhaps *Dunbar's* vitality is weakened. Maybe the supreme court should revisit its breadth.

---

Opinion subject to revision prior to official publication.