# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2329
Lower Tribunal No. 2014-CF-004335

_____

CHRISTOPHER MARCH RENICK,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition Alleging Ineffective Assistance of Counsel.
A Case of Original Jurisdiction.

June 27, 2025

## ON MOTION FOR REHEARING

On consideration of Respondent's motion for rehearing, the Court grants the motion for rehearing, withdraws its prior opinion, and substitutes the following opinion.

PER CURIAM.

Christopher Renick seeks a writ of habeas corpus, alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(d). Renick argues that his appellate counsel was ineffective for failing to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) during the

appeal of his probation violation sentence. He claims appellate counsel should have alleged that his sentence was illegal because: (1) Renick was not present when the sentence was pronounced; (2) no scoresheet was filed for the resentencing hearing; (3) the court relied on an earlier scoresheet that improperly added points by incorrectly designating Renick as a violent felony offender of special concern; and (4) his sentence was improperly enhanced when he was forced to wear a GPS monitor.

Because we find merit in the arguments that appellate counsel was ineffective for failing to raise the issues that Renick was sentenced under an erroneous scoresheet and that the trial court did not pronounce sentence with Renick present, we grant the petition in part. We deny the remainder of the petition without further comment.

## Background

Renick pleaded guilty to one count of lewd or lascivious molestation on a person less than twelve years of age. He was adjudicated guilty, designated a sexual predator, and sentenced to ten years of sex offender probation on October 2, 2015. After violating his probation in 2017 and 2019,[1] Renick again violated his probation

---

[1] In 2017, the trial court modified the probation to require Renick to serve 148 days jail with credit for 148 days and wear a GPS or electronic monitoring device. In 2019, the trial court again modified his probation to require him to serve 637 days jail with credit for 637 days served with all other conditions remaining in place.

in 2021. The trial court held a violation of probation hearing and found that Renick violated his probation and set a sentencing hearing for a later date. After conducting a sentencing hearing, the trial court entered an order on October 15, 2021, revoking Renick's probation, and sentencing him to 105 months in prison. The order indicated that a danger hearing was conducted and that the trial court found Renick a danger to the community. Renick was present for this hearing.

Thereafter, defense counsel filed a motion to correct illegal sentence, arguing that the sentence was based on the trial court's finding that Renick was a danger to the community as a violent felony offender of special concern ("VFOSC"), and because the offense for which Renick was convicted occurred before the effective date of the VFOSC statute, that finding was erroneous. The trial court held a hearing on the matter and ultimately agreed that the VFOSC finding was erroneous, and found that resentencing was needed because the court based Renick's sentence on the minimum under the VFOSC statute.

Renick was present at the November 29, 2021, resentencing hearing. At the conclusion of testimony, defense counsel argued for a downward departure. The State informed the trial court that the lowest permissible sentence was 105 months in prison, and the defense did not object. It does not appear that a new scoresheet was filed for the resentencing hearing. The court concluded the hearing without

3

resentencing Renick, stating, "I'll make a ruling in chambers." The defense did not object to that statement either.

On December 9, 2021, the court entered a written "Order Granting Motion to Correct Illegal Sentence and Conduct Resentencing." The order vacated the prior sentence, stated that the trial court found no mitigating circumstances for a downward departure, and resentenced Renick "to the lowest permissible prison [sentence] of 105 months." On December 10, 2021, the court entered a probation revocation order detailing Renick's sentence of 105 months in prison, nunc pro tunc to October 15, 2021.

On December 8, 2021, Renick, through counsel, filed a notice of appeal. On appeal, counsel raised one issue—whether the trial court erred in finding that Renick violated his probation and in sentencing him to prison. The Fifth District Court of Appeal per curiam affirmed the judgment and sentence on October 18, 2022. *See Renick v. State*, 350 So. 3d 1270 (Fla. 5th DCA 2022) (table decision). Thereafter, Renick, pro se, filed the instant habeas petition.

<u>Analysis</u>

The standard of review to determine if a petitioner received ineffective assistance of appellate counsel mirrors the *Strickland* standard. *Jones v. Moore*, 749 So. 2d 579, 583 (Fla. 2001) (referencing *Strickland v. Washington*, 466 U.S. 688 (1984)). As such, a habeas petitioner must show both:

4

1. Specific errors or omissions which show that appellate counsel's performance deviated from the norm or fell outside the range of professionally acceptable performance

   and

2. The deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.

*Downs v. Moore*, 801 So. 2d 906, 909-10 (Fla. 2001). "While the failure to raise unpreserved claims on appeal is not normally a basis for ineffective assistance of appellate counsel, the failure to raise unpreserved claims of fundamental error may be." *Davis v. State*, 383 So. 3d 717, 742 (Fla. 2024). A claim that counsel was ineffective for failing to file a rule 3.800(b)(2) motion is cognizable in a petition alleging ineffective assistance of appellate counsel. *See Fortner v. State*, 23 So. 3d 1275, 1276 (Fla. 2d DCA 2010).

Scoresheet Error

Renick claims that appellate counsel was ineffective for failing to raise a scoresheet error in a motion pursuant to rule 3.800(b)(2). A defendant can raise a claim of scoresheet error under rule 3.800(b)(2) during the pendency of the appeal. *State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005).

The trial court used the Criminal Punishment Code Scoresheet dated October 15, 2021, to resentence Renick. That scoresheet shows that Renick scored 168 points, which resulted in a lowest permissible sentence of 105 months in prison. However, the scoresheet incorrectly included 36 points for violation of probation as

5

a VFOSC and the trial court had previously determined that its finding that Renick qualified as a VFOSC was erroneous. Had the court not scored the three probation violations for a VFOSC, Renick would have only scored eighteen points in that section, resulting in a total of 150 sentencing points and making the lowest permissible prison sentence 91.5 months. Renick's lowest permissible sentence under a properly calculated scoresheet, if the trial court had elected to give the lower sentence, would have been approximately fourteen months less than the sentence imposed.

For scoresheet errors, the test is whether the trial court would have imposed the same sentence with a correct scoresheet. *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008) (A "scoresheet error is considered harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet."). In Renick's case, based on the trial court's consideration of a downward departure and its ultimate sentence of exactly the lowest permissible sentence, it is possible the trial court would have imposed a lower sentence with a properly calculated scoresheet. Therefore, we cannot say that the trial court would have imposed the same 105-month sentence with a corrected scoresheet.

<u>Right to be Present for Resentencing</u>

A defendant's right to be present when the court pronounces sentence has been codified in Florida Rule of Criminal Procedure 3.180(a), which states "[i]n all

prosecutions for crime the defendant must be present . . . at the pronouncement of judgment and the imposition of sentence." Fla. R. Crim. P. 3.180(a)(9). A defendant's right to be present at sentencing is rooted in the "'requirement that all proceedings affecting life, liberty, or property must be conducted according to due process,' which includes a 'reasonable opportunity to be heard.'" *Dunbar v. State*, 89 So. 3d 901, 907 (Fla. 2012) (citations omitted) (quoting *Jackson v. State*, 767 So. 2d 1156, 1159 (Fla. 2000)). "[A] defendant's 'right to be present extends to the hearing where her sentence will be reconsidered' because sentencing is 'a critical stage of every criminal proceeding.'" *Id.* (quoting *Jackson*, 767 So. 2d at 1160). Therefore, "[a] defendant's absence at resentencing constitutes reversible error regardless of a defendant's opportunity to present additional evidence." *Id*. Renick had a due process right to be present for resentencing.

However, a violation of the right to be present at sentencing is "subject to a harmless error analysis and the proceeding will only be reversed on this basis if 'fundamental fairness has been thwarted.'" *Smithers v. State*, 826 So. 2d 916, 927 (Fla. 2002) (quoting *Kearse v. State*, 770 So. 2d 1119, 1124 (Fla. 2000)). Courts have held that any error in the failure to be present is harmless if the resentencing is a ministerial act. *Jordan v. State*, 143 So. 3d 335, 338-39 (Fla. 2014) (first citing *Orta v. State*, 919 So. 2d 602, 604 (Fla. 3d DCA 2006); and then citing *Acosta v. State*, 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010)). But if a judge has discretion as

to the new sentence, it is not a ministerial act, and the defendant is required to be present. *Id.*; *see also Mullins v. State*, 997 So. 2d 443, 445 (Fla. 3d DCA 2008) ("A defendant will receive a new sentencing hearing if the resentencing involves *additional consideration or sentencing discretion,* not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence.") (emphasis added).

Although subject to a harmless error standard, Renick's appellate counsel could have preserved the issue of Renick not being present for resentencing for the first time on appeal by raising it in a rule 3.800(b)(2) motion. *See Thomas v. State*, 286 So. 3d 884, 886 (Fla. 2d DCA 2019); *Darwin v. State*, 259 So. 3d 260, 261 (Fla. 2d DCA 2018) (considering claim of violation of right to be present raised in a rule 3.800(b)(2) motion). Although the same 105-month term was ultimately imposed, the trial court did have discretion, making the resentencing more than just a ministerial act. Had appellate counsel raised this issue, Renick would have been entitled to relief—particularly since a scoresheet error was present. *See Rivers v. State*, 980 So. 2d 599, 600-01 (Fla. 2d DCA 2008) ("Our review of the record shows that the resentencing proceeding in this case was not purely ministerial and that Rivers was entitled to be present at the hearing.").

<u>Conclusion</u>

The trial court's errors in failing to pronounce Renick's sentence orally with him present and sentencing him based on an erroneous scoresheet "undermine confidence in the fairness and correctness of the appellate result." *Jones*, 749 So. 2d at 583. Had appellate counsel raised these issues, Renick would have been entitled to relief. Accordingly, we grant the petition in part as to these two claims. However, instead of granting a new appeal, we remand to the trial court for resentencing with a corrected scoresheet and with Renick present. *See Agosto-Molina v. State*, 933 So. 2d 26, 28 (Fla. 2d DCA 2006) (where granting a new appeal based on a meritorious petition alleging ineffective assistance of appellate counsel would be redundant, it is appropriate to remand to the trial court for resentencing); *see also Fortner*, 23 So. 3d at 1276.

GRANTED in part; DENIED in part; and REMANDED.

STARGEL, WHITE and GANNAM, JJ., concur.


Christopher March Renick, Crestview, pro se.

James Uthmeier, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED