# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

TROY GABRIEL SEAY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-3757

_____

May 10, 2024

Appeal from the Circuit Court for Pinellas County; Holly T. Grissinger, Acting Circuit Judge.

Howard L. Dimmig, II, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.

LaROSE, Judge.

Troy Gabriel Seay appeals his judgment and three-year prison sentence for felony battery. *See* § 784.03(2), Fla. Stat. (2021). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Mr. Seay presents five issues. None has merit. We affirm. We write only to address Mr. Seay's absence from the courtroom for part of the trial.

## I. RELEVANT FACTS

On the morning of trial and before jury selection, Mr. Seay announced that he needed to talk with his lawyers. He exclaimed that he "[would not] go to no trial date, not with [the judge]." The trial court

affirmed that the trial would proceed as scheduled. Mr. Seay responded, "Whatever. Whatever. I will cut up. I won't -- I'm not going on trial. So if you all want to lock me up, I don't even care. I know my rights, okay?"

When the trial court asked whether he was absenting himself from the trial, Mr. Seay said, "Yes. Well, . . . I will not go to trial in here." The trial court, again, asked Mr. Seay if he wished to be present for the trial. She repeated that the trial court would proceed "today with or without [Mr. Seay]." Mr. Seay replied, "I don't want to be here. You all can lock me up or whatever. I don't want to be here."

The trial court recessed so Mr. Seay could talk with his lawyers. Upon their return, the trial court announced that jury selection would begin. She directed Mr. Seay to sit next to his lawyers. Mr. Seay refused and stated "You just asked me, do I want to excuse myself, and I told him that's what I want to do." The trial court noted that if he was removed from the courtroom, another "room has been made available . . . for him to watch his trial." Mr. Seay stated, "I don't want to watch it, ma'am. I do not want to watch it."

The trial court continued to ask Mr. Seay to sit down. But Mr. Seay replied that he did not want to be in the courtroom, asked to go "back," and stated he would "talk loud." Mr. Seay finally sat down. He continued to protest; he did not want to be in the courtroom or watch the jurors. He stood up, stating, "I don't want to be here. . . . I don't want to be here. You all can just take me back." The trial court directed Mr. Seay to remain seated. Mr. Seay repeatedly stated, "I don't want to be here" in response to the trial court's directives. Mr. Seay stated he wanted to "vacate" himself and asked to "go in the back."

The trial court asked Mr. Seay to stop so prospective jurors could enter the courtroom. Mr. Seay replied, "I'm not going to stop.

2

You take me in the back, I'm fine. I'll be okay. Take me in the back. That's all I ask." The trial court refused. The situation continued to deteriorate. Mr. Seay repeatedly threatened to "get up" and told the trial court, "You all going to taze [sic] me." Finally, his lawyers agreed that he should go to the other courtroom. They feared that Mr. Seay was "going to jump on top [of] the table." The trial court instructed the bailiff to take Mr. Seay to another courtroom.

Later, during the trial, his lawyers went to discuss with Mr. Seay "whether or not to stipulate to [identification] so that he didn't have to come back to the courtroom." Without the jury present, Mr. Seay returned to the courtroom and stipulated to identification. The trial court told Mr. Seay, "The deputies will take you back over to the other courtroom."

The trial court later called Mr. Seay back to the courtroom to inquire whether he wished to testify; he did not. Mr. Seay returned to the other courtroom.

The jury found Mr. Seay guilty. The trial court proceeded to the second part of the bifurcated trial regarding whether Mr. Seay had a prior battery conviction. While waiting for a witness to arrive, the bailiff informed the trial court that Mr. Seay "[was] asking if his counsel is going to come speak with him again." The trial court allowed his lawyers to go speak with Mr. Seay. Thereafter, deputies advised the trial court that Mr. Seay "wishes to come back in the courtroom at this time." His lawyers represented that he would behave. Mr. Seay returned.

## II.   DISCUSSION

Mr. Seay argues that the trial court fundamentally erred by failing to tell him on the record that he could return to the courtroom if he agreed to behave, as required by *Illinois v. Allen*, 397 U.S. 337 (1970).

3

The State contends that Mr. Seay was not entitled to such a warning; he voluntarily absented himself and returned "on his own volition when he was prepared to do so."

Typically, "any error in denying a defendant her or his right to be present at a critical stage of any proceeding is fundamental error." *Brown v. State*, 335 So. 3d 123, 128 (Fla. 4th DCA 2022) (quoting *Orta v. State*, 919 So. 2d 602, 604 (Fla. 3d DCA 2006)). "However, the fundamental error standard imposes a high burden on the defendant to establish that 'fundamental fairness has been thwarted.' " *Id.* (quoting *Kearse v. State*, 770 So. 2d 1119, 1124 (Fla. 2000)); *see also Elmer v. State*, 140 So. 3d 1132, 1138 (Fla. 5th DCA 2014) ("Even violations of [Florida Rule of Criminal Procedure] 3.180 do not automatically require reversal.").

A defendant may lose his right to be present at trial by disruptive behavior, express waiver, or voluntarily absenting himself from trial by leaving the trial or failing to appear. *See Peede v. State*, 474 So. 2d 808, 815 (Fla. 1985); *M.W.G. v. State*, 945 So. 2d 597, 600 (Fla. 2d DCA 2006); *see also* Fla. R. Crim. P. 3.180(c)(1) (stating that a trial may proceed where the defendant "voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial").

Mr. Seay does not contest and, in fact, seems to concede that he voluntarily absented himself from trial. *See Whitfield v. State,* 706 So. 2d 1, 4 (Fla. 1997) (stating that the defendant voluntarily requested to leave the courtroom where he "repeatedly refused to answer the trial judge's questions and repeatedly told the judge he wanted to leave," and defense counsel agreed that the defendant should leave based on his behavior); *Nixon v. State*, 572 So. 2d 1336, 1342 (Fla. 1990) (noting that a

4

defendant may choose to voluntarily absent himself and that "[i]t [wa]s clear from the record that Nixon did not wish to attend the proceedings, threatening to disrupt them if so forced"); *Ferry v. State*, 507 So. 2d 1373, 1375 (Fla. 1987) (concluding that the defendant voluntarily absented himself by leaving the courtroom with the bailiffs "when he wanted a break").

The point of contention, then, is whether the trial court was required to warn Mr. Seay on the record that he could return to the courtroom if he behaved. Although a warning is desirable, *Allen* does not mandate this requirement. *See Allen*, 397 U.S. at 346; *Scurr v. Moore*, 647 F.2d 854, 858 (8th Cir. 1981) ("The district court also finds fault in that the state trial judge did not give Moore . . . an assurance that he could return to the courtroom if he behaved properly. We agree such a procedure is desirable, but *Illinois v. Allen* makes no such absolute requirement."), *cited by Partee v. State*, 184 N.E.3d 1225, 1236 (Ind. Ct. App. 2022) (concluding "that the trial court did not commit error, let alone fundamental error, by failing to explicitly advise Partee that he could return to the courtroom if he promised to behave"). Rather, the Supreme Court explained that "[o]nce lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Allen*, 397 U.S. at 343.

The record is clear that Mr. Seay absented himself from the trial. When he announced that he wished to return to and behave in the courtroom, the trial court permitted him to do so.

Under these facts, the extremely patient trial court did not thwart fundamental fairness by proceeding with the trial without Mr. Seay present. *Cf. Nixon*, 572 So. 2d at 1342 (holding that the trial court did not err in proceeding without the defendant present where his absence

was voluntary and the trial court sporadically inquired from the custodial officer whether the defendant had changed his mind).

Affirmed.

SLEET, C.J., and LUCAS, J., Concur.

_____

Opinion subject to revision prior to official publication.